■ · HOWARD A. RIKOON et al., Individually and Doing Business as RIKOON REAL ESTATE, Respondents, v. TWO BORO DRESS, INC., et al., Respondents. THE UNITED STATES OF AMERICA, Appellant, et al., Defendants.— Motion for reargument of appeal granted, and upon reargument the decision handed down July 28, 1959 (8 A D 2d 986) is amended to read as follows: Action to foreclose a mortgage on real property. The action went to judgment and the property was sold by a Referee. The United States of America appeals

(1) from an order entered February 20, 1957 which amended the judgment of foreclosure and sale *nunc pro tunc* by providing that the judgment be conformed to the terms of sale, and (2) from an order entered December 5, 1957 which confirmed the Referee's report of sale, denied appellant's cross motion to correct the report of sale, and awarded appellant a small amount of surplus moneys. Appellant is the holder of certain tax liens (based on the nonpayment of withholding taxes by the mortgagor) which were recorded prior to the dates that some of the liens of the City of New York attached to the mortgaged premises. The city's liens are for real estate taxes, water rates, and sewer rents. Appellant appeared in the action and waived service of all papers except the judgment with notice of entry, the notice of sale, the Referee's report of sale, the order confirming the Referee's report of sale with notice of entry, the order of discontinuance with notice of entry, and the surplus money proceedings. After the sale, and prior to taking the Referee's deed, the purchaser paid $3,285.95 to the City of New York in satisfaction of its liens. That was permitted by the terms of sale and the amended judgment. Under section 1087 of the Civil Practice Act, such items are deemed "expenses of the sale". Appellant contends that the payment to the City of New York constitutes an illegal preference in payment to a fellow tax lienor whose liens, or some of them, are inferior in priority to appellant's liens and that the said $3,285.95 constitutes surplus moneys to be applied to the liens of the city and appellant under the principle that "the first in time is the first in right". Appellant's reliance is on *United States* v. *New Britain* (347 U. S. 81). Judgment bars any interest in the real estate, by way of lien or otherwise, of all defendants, including appellant. The amended judgment has not been vacated, and no appeal was taken therefrom within the time appeal is permitted. At the Special Term appellant's contention was rejected, except that a surplus of $633.55 was awarded to it. The decision at the Special Term was on the grounds that the moneys paid to the City of New York are part of the expenses of sale and must be paid by the Referee or the purchaser out of the proceeds of sale (Civ. Prac. Act, §§ 1082, 1087), that expenses of sale are the first payment out of the proceeds of sale, that the case of *United States* v. *City of New Britain* (*supra*) is distinguishable in that the relevant Connecticut statutes did not provide that local real estate taxes, water rates, and sewer rents are deemed to be expenses of sale and in that the Supreme Court recognized that expenses of sale are to be paid first out of the proceeds of sale, and that the judgment of foreclosure and sale, as amended, is conclusive and *res judicata* against appellant. Order entered December 5, 1957 affirmed, with one bill of $10 costs and disbursements. No opinion. Appeal from order entered February 20, 1957 dismissed, without costs. As to appellant said order is in effect an ex parte order from which no appeal lies. (*Sigretto* v. *R. H. S. B. Holding Corp.*, 218 App. Div. 752.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.