UNITED STATES *v.* CITY OF NEW BRITAIN ET AL.

No. 92.   Argued December 1, 1953.—Decided February 1, 1954.

*Marvin E. Frankel* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Holland, Ellis N. Slack, A. F. Prescott* and *Harry Baum.*

*Frank R. Kennedy* argued the cause for respondents. With him on the brief for the City of New Britain were *William S. Gordon, Jr.* and *Harold Koplowitz.*

MR. JUSTICE MINTON delivered the opinion of the Court.

The question presented by this writ involves the relative priority of statutory federal and municipal liens to the proceeds of a mortgage foreclosure sale of the property to which the liens attached.

Two mortgages on the real property of a corporation located in the City of New Britain, Connecticut, were foreclosed by judgment sale in the Superior Court of Hartford County, and a gross sum of $28,071.24 was realized. Against this fund, there were claims of some $31,000, including expenses of the sale, the two mortgages, a judgment of record, and various statutory liens asserted by the City and by the United States. The federal liens, securing unpaid withholding and unemployment taxes and insurance contributions totaling $8,475.13, were created by § 3670 of the Internal Revenue Code.[1]

---

[1] "SEC. 3670. PROPERTY SUBJECT TO LIEN.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." I. R. C., § 3670, 26 U. S. C. (1946 ed.) § 3670.

They arose at the times the assessment lists were received in the office of the Collector of Internal Revenue for Connecticut [2] on various dates between April 26, 1948, and September 21, 1950. The City's liens, which attached to the specific real estate sold in the total sum of $3,587.71, are for delinquent real-estate taxes and water rent. The real-estate taxes became due on various dates in 1947 through 1951, the liens attaching in each case as of October 1 or other assessment date of the prior year; [3] the water-rent liens arose upon failure to pay [4] and date from December 1, 1947, to June 1, 1951.

A Connecticut statute provides that real-estate tax liens "shall take precedence of all transfers and incumbrances" in any manner affecting the property subject to the lien. [5] Another state law gives the water-rent liens "precedence over all other liens or incumbrances except taxes" on the property subject to the liens. [6] The funds available for distribution being insufficient to pay all claimants in full, the Superior Court directed that the expenses, the City's liens, the mortgages, the judgment lien, and the United States' liens be paid in that order. The United States appealed from the judgment insofar as the statutory liens of the City were given priority over those of the United States. The Supreme Court of Errors of Connecticut affirmed, 139 Conn. 363, 94 A. 2d 10, and we granted certiorari, 346 U. S. 809.

---

[2] I. R. C., § 3671, 26 U. S. C. (1946 ed.) § 3671.

[3] Conn. Gen. Stat., 1949, c. 88, § 1853.

[4] Conn. Gen. Stat., 1949, c. 34, § 758.

[5] Conn. Gen. Stat., 1949, c. 88, § 1853.

[6] Conn. Gen. Stat., 1949, c. 34, § 758. As construed by the Supreme Court of Errors of Connecticut in this case, the term "taxes" in § 758 includes "only those taxes which may be assessed in favor of the state or some subdivision thereof and which, under the law, are secured by specific liens upon real property." 139 Conn. 363, 367, 94 A. 2d 10, 12.

We are here dealing with several statutory liens, some owned by the City and some by the Federal Government, on real estate. The Supreme Court of Errors stated that the City's liens were specific and perfected. Such characterization of a lien by the State is not, of course, conclusive against the Federal Government. *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47, 49; *Illinois* v. *Campbell,* 329 U. S. 362, 371. However, we accept the holding as to the specificity of the City's liens since they attached to specific pieces of real property for the taxes assessed and water rent due. The liens may also be perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established. The federal tax liens are general and, in the sense above indicated, perfected. But the fact that one group of liens is specific and the other general in and of itself is of no significance in these cases involving statutory liens on real estate only. *United States* v. *City of Greenville,* 118 F. 2d 963, 964. A mortgage is a specific lien, yet "[a] statutory lien is as binding as a mortgage, and has the same capacity to hold the land so long as the statute preserves it in force." *Rankin* v. *Scott,* 12 Wheat. 177, 179.

Thus, the general statutory liens of the United States are as binding as the specific statutory liens of the City. The City gains no priority by the fact that its liens are specific while the United States' liens are general. Obviously, the State cannot on behalf of the City impair the standing of the federal liens, without the consent of Congress. *Michigan* v. *United States,* 317 U. S. 338, 340; *United States* v. *Oklahoma,* 261 U. S. 253, 260; *United States* v. *Snyder,* 149 U. S. 210, 214. On the other hand, the federal statutes do not attempt to give priority in all cases to liens created under the paramount authority of the United States. The statute creating the federal liens

here involved, I. R. C., § 3670, does not in terms confer priority upon them.

When the debtor is insolvent, Congress has expressly given priority to the payment of indebtedness owing the United States, whether secured by liens or otherwise, by § 3466 of the Revised Statutes, 31 U. S. C. (1946 ed.) § 191. In that circumstance, where all the property of the debtor is involved, Congress has protected the federal revenues by imposing an absolute priority.[7] Where the debtor is not insolvent, Congress has failed to expressly provide for federal priority, with certain exceptions not relevant here,[8] although the United States is free to pursue the whole of the debtor's property wherever situated. The State, having a lien only upon property within its boundaries, may not reach beyond the state line to fasten its lien upon other property. The record does not establish that the taxpayer in this case was insolvent.

It does not follow, however, that the City's liens must receive priority as a whole. We believe that priority of these statutory liens is determined by another principle of law, namely, "the first in time is the first in right." As stated by Chief Justice Marshall in *Rankin* v. *Scott, supra:*

> "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant." 12 Wheat., at 179.

This principle is widely accepted and applied, in the absence of legislation to the contrary. 33 Am. Jur., Liens,

---

[7] *United States* v. *Gilbert Associates,* 345 U. S. 361; *United States* v. *Waddill, Holland & Flinn,* 323 U. S. 353.

[8] *E. g.,* I. R. C., § 2800 (e), 26 U. S. C. (1946 ed.) § 2800 (e) (distilled spirits tax lien).

§ 33; 53 C. J. S., Liens, § 10b. We think that Congress had this cardinal rule in mind when it enacted § 3670, a schedule of priority not being set forth therein. Thus, the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate.

The United States in claiming priority for all its liens relies heavily on two recent cases from this Court, *United States* v. *Security Trust & Savings Bank, supra,* and *United States* v. *Gilbert Associates,* 345 U. S. 361. We do not think they are inconsistent with our decision in this case.

The *Security Trust* case involved an *inchoate* attachment lien that had not ripened into a judgment at the time the federal tax liens attached. We noted that "[n]umerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded." 340 U. S., at 50. Thus, the attachment lien was "merely a *lis pendens* notice that a right to perfect a lien exists." *Ibid.* Such inchoate liens may become certain as to amount, identity of the lienor, or the property subject thereto only at some time subsequent to the date the federal liens attach and cannot then be permitted to displace such federal liens. Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined.[9] Accordingly, we concluded in *Security Trust* "that the tax liens of the United States are superior to the inchoate attachment lien . . . ." *Id.,* at 51. In the instant case, certain of the City's tax and water-rent liens apparently attached to the specific property and

---

[9] See Sarner, Correlation of Priority and Lien Rights in the Collection of Federal Taxes, 95 U. of Pa. L. Rev. 739, 755–761.

became choate prior to the attachment of the federal tax liens.

The State and the United States were both holders of general statutory liens in the *Gilbert Associates* case. But the question we have here did not arise there because that was a case involving personal property and insolvency of the taxpayer. We said in that case:

> "Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 [Revised Statutes] clearly awards priority to the United States." 345 U. S., at 366.

Here the contest is between two groups of statutory liens, one specific and one general, attached to the same real estate, with no question of insolvency involved; therefore, "the first in time is the first in right."

The State finds the rule of "first in time, first in right" not applicable because of § 3672 of the Internal Revenue Code,[10] which makes the lien of the United States invalid as to the prior recorded mortgages and the judgment in this case. It points out that the mortgagee could have paid the delinquent real-estate taxes and water rent, with the amount so paid becoming part of the mortgage debt covered by the mortgage lien,[11] and suggests that the federal tax lien would therefore be invalid as to such amount by virtue of § 3672.[12] From this and a belief that Congress did not intend, by giving mortgages and

---

[10] "SEC. 3672. VALIDITY AGAINST MORTGAGEES, PLEDGEES, PURCHASERS, AND JUDGMENT CREDITORS.

"(a) INVALIDITY OF LIEN WITHOUT NOTICE.—Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector . . . ." I. R. C., § 3672, as amended, 53 Stat. 882, 26 U. S. C. (1946 ed.) § 3672.

[11] Conn. Gen. Stat., 1949, c. 361, § 7192.

[12] We need not now pass upon the merits of this suggestion since the situation is not presented by the record in this case.

judgments priority over federal tax liens, to supersede state laws making certain interests superior to mortgages and judgments, the Supreme Court of Errors concluded that by enacting § 3672 Congress "expressed the intention that federal liens should be subordinated to such mortgages and judgment liens as are described therein and, consequently, subordinated to such other incumbrances as have priority over those mortgages and judgment liens." [13]

We do not agree. The United States is not interested in whether the State receives its taxes and water rents prior to mortgagees and judgment creditors. That is a matter of state law. But as to any funds in excess of the amount necessary to pay the mortgage and judgment creditors, Congress intended to assert the federal lien. There is nothing in the language of § 3672 to show that Congress intended antecedent federal tax liens to rank behind any but the specific categories of interests set out therein, and the legislative history lends support to this impression.[14]

Under the circumstances, we vacate the judgment of the Supreme Court of Errors of Connecticut and remand the case to that court to have determined the order of priority of the various liens asserted, in accordance with this opinion.

*Judgment vacated.*

---

[13] 139 Conn. 363, 373, 94 A. 2d 10, 15.

[14] See *United States* v. *Gilbert Associates*, 345 U. S. 361, 364; *United States* v. *Security Trust & Savings Bank*, 340 U. S. 47, 51 (concurring opinion).