Frank A. Gulotta, J.
This is a motion to confirm a Referee’s report of computation, and for a judgment of foreclosure and. sale, although the moving papers erroneously assume that a judgment has already been granted.
The United States of America, which is a party defendant by virtue of a tax lien for income taxes, asks that a determination be made now adjudging that it has priority over real estate taxes of the municipalities concerned, which became liens after its lien against the owner was assessed.
This presents an anomalous situation whereby the mortgage lien which concededly has priority over the Federal lien and is subordinate to the lien for local taxes, cannot be protected by the usual judgment of foreclosure and sale, which directs payment of local taxes as an “ expense of the sale ” (Civ. Prae. Act, § 1087), because the United States will then claim its right to payment before local taxes are impaired.
*141 Thus the effect of this circuitous type of priority is to unjustly discriminate against somebody, no matter at what point on the circumference of this circle it is determined to start priority.
This problem can be avoided by the simple expedient of ordering the sale to take place subject to local taxes, as the court in its discretion has the right to do under section 1087.
The buyer then will naturally adjust the amount of his bid to allow for these taxes, which he will eventually have to pay if he is the successful bidder.
The United States, if so disposed, can protect its lien by bidding above the mortgage judgment. There will be no one to contest its right to priority unless it becomes the successful bidder, in which case it can litigate that issue with the local tax authorities, although the law seems to be settled in favor of the United States on that score. (United States v. City of New Britain, 347 U. S. 81.) If it is not the successful bidder, it will be paid first out of the surplus, since a buyer who has purchased subject to local taxes has no right to have them paid from the bid money in any case.
For these reasons the motion will be granted, and the judgment will direct a sale subject to real estate taxes.