UNITED STATES *v.* BUFFALO SAVINGS BANK.

No. 96.  Argued December 3, 1962.—
Decided January 7, 1963.

*John B. Jones, Jr.* argued the cause for the United States.  On the briefs were *Solicitor General Cox, Assistant Attorney General Oberdorfer, Stephen J. Pollak, Joseph Kovner* and *George F. Lynch.*

*John Horace Little* argued the cause and filed briefs for respondent.

*Laurens Williams* and *William Poole* filed a brief for the American Bar Association, as *amicus curiae,* urging affirmance.

PER CURIAM.

In 1946, respondent Buffalo Savings Bank made a loan secured by a real estate mortgage.  The United States filed notice of a federal tax lien against the mortgagor's property in 1953.  Thereafter, in 1957 and 1958, liens for unpaid real estate taxes and other local assessments at-

tached to the property. The bank instituted foreclosure proceedings, naming the United States as a party. The trial court's decree ordered the property sold and the payment of local real estate taxes and other assessments as part of the expenses of the sale prior to the satisfaction of the tax lien of the United States. The United States appealed and the New York Supreme Court, Appellate Division, reversed, only to be reversed in turn by the New York Court of Appeals, which reinstated the trial court's judgment on the ground that the federal tax lien attached only to the mortgagor's interest in the surplus after the foreclosure sale and therefore was subordinate to the local taxes as "expenses of sale." 11 N. Y. 2d 31, 181 N. E. 2d 413.

We must reverse the judgment of the New York Court of Appeals for failure to take proper account of *United States* v. *New Britain,* 347 U. S. 81. That case rules this one, for there the Court quite clearly held that federal tax liens have priority over subsequently accruing liens for local real estate taxes, even though the burden of the local taxes in the event of a shortage would fall upon the mortgagee whose claim under state law is subordinate to local tax liens.

A similar argument based on the general character of the federal tax lien was made and specifically rejected in *New Britain.* Moreover, the state may not avoid the priority rules of the federal tax lien by the formalistic device of characterizing subsequently accruing local liens as expenses of sale. Cf. *United States* v. *Gilbert Associates, Inc.,* 345 U. S. 361. Finally, respondent's reliance on *United States* v. *Brosnan,* 363 U. S. 237, and *Crest Finance Co.* v. *United States,* 368 U. S. 347, is misplaced. *Brosnan* was concerned with foreclosure procedures, not with priorities, and in connection with the latter subject relied

upon *New Britain* among other cases. *Crest* is wholly inapposite here.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE DOUGLAS dissents.