Frank S. McCullough, J.
This is an action to foreclose a mortgage given to the plaintiff by defendants, Benjamin Singer and Evelyn M. Singer.
The plaintiff moves for judgment of foreclosure and sale and to confirm the Referee’s report of the amount due to plaintiff on the note and the mortgage. The defendant United States *232 opposes the judgment of foreclosure and sale insofar as it appears from the complaint and the moving papers that the judgment does not accord priority to unpaid Federal tax liens over unpaid State or local taxes, assessments and water rates which became choate liens upon the property subsequent to the dates on which the liens of the United States attached.
It appears that there is approximately $1,700 open municipal taxes against the property sought to be foreclosed. These taxes became liens subsequent to the filing of the Federal tax liens against the defendant, Singer. The report of the Referee indicates that the plaintiff is entitled to $21,301.93, with interest, in addition to which there will be advertising expenses, Referee’s fees, costs and the additional statutory allowances, all of which will approximate to somewhere in the area of $1,000, leaving an estimated amount of $22,300, for which the plaintiff would be entitled to reimbursement.
The priority of Federal tax liens is put in issue by plaintiff’s motion because the complaint and moving papers seek a judgment of foreclosure and sale which will not include provisions insuring the priority of Federal tax liens is not violated by the application of section 1087 of the Civil Practice Act. That section gives local and State taxes, assessments and water rates “ priority ” over all other liens by providing such charges shall be deemed expenses of the sale.
The pertinent statutes read as follows:
United States Code, title 26.
“ § 6321. Lien for Taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
“ § 6322. Period of Lien. Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time. ’ ’
United States Code, title 28.
“ ■§ 2410. Actions affecting property on which the United States has lien. * * * (e) * * *. Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem ’ ’,
*233 New York Civil Practice Act.
‘1 § 1087. Payment of taxes, assessments and water rates out of proceeds of sale. Where a judgment rendered in an action to foreclose a mortgage upon real property directs a sale of the real property, the officer making the sale must pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute. The sums necessary to make those payments and redemptions are deemed expenses of the sale within the meaning of that expression as used in any provision of this article.”
The United States Supreme Court, in two recent cases, United States v. Buffalo Sav. Bank (371 U. S. 228 [1963]) and United States v. Pioneer Amer. Ins. Co., 374 U. S. 84 [decided June 10, 1963]), has reiterated the doctrine that priority of the Federal tax lien provided by section 6321 of the United States Code as against liens created under State law is governed by the common-law rule “ the first in time is the first in right ”. (United States v. New Britain, 347 U. S. 81, 85-86.)
The problem of Federal tax liens was the subject of a panel discussion of the American Bar Association held in Miami, Florida, in August of 1959. The area of the panel discussion and recommended legislation is discussed at length in an article by John J. Creedon, a member of the New York Bar, in the November, 1959 issue (Vol. 15, pp. 175-197) of The Business Lawyer. As pointed out in that article the problem of circular priority had, up to recently, appeared to be largely an academic exercise, but that the increasing incidence of Federal tax liens, coupled with decisions that said priority rules do not apply in determining the priority of Federal tax liens, circular priority problems have become commonplace. The doctrine was brought home with some force in Buffalo Sav. Bank v. Victory (11 N Y 2d 31, revd. by United States v. Buffalo Sav. Bank, 371 U. S. 228, supra). The facts were briefly as follows:
In 1946, Buffalo Savings Bank made a loan to Joseph B. Victory secured by a real estate mortgage. In 1953, the United States Government filed a notice of Federal tax lien against the property of the mortgagor, Joseph B. Victory. In 1957 and 1958 liens for unpaid local real estate taxes attached to the property. In October, 1958 the bank instituted mortgage foreclosure proceedings naming the United States as a party defendant. The trial court directed that the mortgaged property be sold at foreclosure sale “ subject to ” unpaid local real estate taxes and assessments, but “ free and clear ” of all other liens
*234 including the Federal tax lien. (17 Misc 2d 564.) On appeal by the United States the Appellate Division reversed. (11 A D 2d 158.) It held that the mortgaged property could not be sold subject to unpaid local taxes and assessments, but free and clear of the Federal tax lien because of the circular priorities involved which meant, in substance, that the mortgage was entitled to priority over the subsequent Federal tax lien; the Federal tax lien was entitled to priority over the subsequent local tax and assessment liens, and the local tax and assessment liens were entitled to priority over the earlier mortgage. The trial court, on remittitur in reliance on the New York statute (Civ. Prac. Act, § 1087) directed that unpaid local taxes and assessments be paid ahead of the Federal tax lien as “ expenses ” of the foreclosure sale. (26 Misc 2d 443.) On appeal by the United States, the Appellate Division modified, holding that United States v. New Britain (supra; see United States v. Security Trust & Sav. Bank, 340 U. S. 47 [1950]; United States v. New Britain, supra [1954]; United States v. Ball Constr. Co., 355 U. S. 587 [1958]) precluded the local taxes and assessments from being treated as expenses of the foreclosure sale. (Buffalo Sav. Bank v. Victory, 13 A D 2d 207 [1961].) The bank then appealed to the New York Court of Appeals. That court reversed the Appellate Division and reinstated the judgment of the trial court which had characterized the local taxes and assessments as expenses of the foreclosure sale. (Buffalo Sav. Bank v. Victory, 11 N Y 2d 31, supra [1962].) On appeal by the Government, the Supreme Court of the United States, Per Curiam (United States v. Buffalo Sav. Bank (371 U. S. 228, supra [1963]) reversed the New York Court of Appeals for failure to take “proper account ” of New Britain. The court indicated that the State could not “ avoid the priority rules of the federal tax lien by the formalistic device of characterizing subsequently accruing local liens as expenses of sale.” (United States v. Buffalo Sav. Bank, supra, p. 229.)
In the New Britain case (supra) the Supreme Court held that the Federal tax lien and the municipal lien were governed by the principle “ first in time is first in right ”, and that since the Federal tax lien arose first it was entitled to priority. The significance of United States v. Buffalo Sav. Bank (supra) is discussed in an excellent article in The Business Lawyer (Vol. 18, p. 117 [July, 1963]) by John J. Creedon, entitled:
“ On Mortgage Foreclosures and Federal Tax Liens ”
“ (The Lender’s Defeat in Victory) ”
*235 The plaintiff concedes that the court must follow the decision of the Supreme Court in United States v. Buffalo Sav. Bank (supra) insofar as it holds that municipal tax liens may not he characterized as expenses of sale under New York law so as to give such liens priority over Federal tax liens duly filed prior to the lien date of such municipal taxes. It vigorously opposes a proposed provision in the judgment of foreclosure and sale sought by the United States which would provide that in surplus money proceedings the United States shall be paid the amount due upon all Federal liens against the subject premises, with interest according to law before the plaintiff may be made whole in respect to amounts paid by the Referee in satisfaction of unpaid local and State taxes, etc., which became perfected subsequent to September 9, 1960, and such amounts paid for local and State taxes after September 21, 1960. The plaintiff mortgagee in its reply affidavit proposes to pay an amount to the Federal Government equivalent to the open local taxes in the estimated amount of $1,700, making a total estimated sum to which it would be entitled to reimbursement in the sum of $25,700. The plaintiff mortgagee contends that by the time it pays to the United States exactly the same amount which it is paying to satisfy the open municipal taxes there would no longer be any question that the municipal taxes have not been given priority over Federal taxes by reason of the fact that the duplicate payment eliminates the issue of priority despite the fact there would be a balance due on Federal liens filed September 9,1960 in excess of $5,500.
It is important, therefore, to determine when competing liens, whether Federal or State created, come into existence or become valid for the purpose of the rule ‘ ‘ the first in time is the first in right”. While the logic of Judge Bttbke, writing for the majority, in Buffalo Sav. Bank v. Victory (supra) appeals to this court, the United States Supreme Court has reached a contrary decision. The remedy, therefore, is by legislation and not judicial decision, although such a holding may well have an adverse economic affect on the owners of mortgages.
The American Bar Association has, through its appropriate committee, proposed legislation, some of which is contained in H. R. 7914 (1959) and Senate 2305 (1959) to effect reasonable and equitable rules of priority.
Creedon points out in his article in the July, 1963 issue of The Business Lawyer (Yol. 18) at page 1122: “ Proper account of New Britain may also prevent a mortgagee from receiving priority over a subsequent federal tax lien for payments made by the mortgagee for local real property tax liens arising after *236 the federal tax lien, thus effectively depriving the mortgagee of the benefits of its third alternative (It has been held in courts other than the United States Supreme Court that the mortgagee’s lien for such payments is inferior to a federal tax lien recorded prior to such payments. Bond v. United States, 279 F. 2d 837 (4th Cir. 1960), cert, denied, 364 U. S. 895 (1960); Metropolitan Life Ins. Co. v. United States, 9 App. Div. 2d 356, 194 N. Y. S. 2d 168 (1959); United States v. Christensen, 269 F. 2d 624 (9th Cir. 1959). Although decision of that issue was reserved expressly in New Britain, and the issue was not involved in Buffalo Savings Bank, conflicting views have been expressed as to whether or not the issue is an open one.”
The United States Supreme Court in United States v. Pioneer Amer. Ins. Co. (374 U. S. 84, 88-89, supra [June 10, 1963]) used the following language: “As for a lien created by state law, its priority depends ‘ on the time it attached to the property in question and became choate.’ United States v. New Britain, supra, at 86; United States v. Security Tr. S Sav. Bank, 340 U. .S. 47. Choate state-created liens take priority over later federal tax liens, United States v. New Britain, supra; Crest Finance Co. v. United States, 368 U. S. 347, while inchoate liens do not. See United States v. Liverpool London Ins. Co., 348 U. S. 215; United States v. Scovil, 348 U. S. 218; United States v. Colotta, 350 U. S. 808. And it is a matter of federal law when such a lien has acquired sufficient substance and has become so perfected as to defeat a later-arising or later-filed federal tax lien. ‘ Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined. ’ United States v. New Britain, supra, at 86. The federal rule is that liens are ‘ perfected in the sense that there is nothing more to be done to have a choate lien when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.’ ”
The plaintiff alleges the end result will be that an innocent mortgagee will sustain an economic loss by reason of the Federal priority.
Under ordinary circumstances this is not necessarily so. If a plaintiff at the sale is the only bidder and restricts its bid to an amount not in excess of principal, interest and all other expenses entitled under Federal law to priority over Federal tax liens, it sustains no economic loss of great moment. The mortgagee then acquires the property, local real estate taxes are paid from the proceeds of sale and the mortgagee then has title *237 to the premises free and clear of the Federal liens, but subject to the one-year right of redemption.
However, if an amount is bid which includes any claim for which the plaintiff is not entitled to priority over the Federal tax lien such amount would have to be applied first toward payment of the Federal tax lien.
It follows, therefore, that Federal liens have a priority over any subsequently accruing local property taxes and that the proposed payment by the plaintiff mortgagee to the United States Government of a like sum would not change the priority of the Federal Government. The proposed judgment should be modified in accordance with this opinion.
Submit order providing for judgment of foreclosure and sale in accordance with this opinion.