155 So.2d 192 (1963)
UNITED STATES of America, Appellant,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ST. PETERSBURG, a corporation organized and existing under the laws of United States, James C. Mort and Wilma C. Mort, his wife, Henry Kitt, Reliable Finance Company, a Florida corporation, and Best Buy Homes, Inc., a Florida corporation, Appellees.
No. 3258.
District Court of Appeal of Florida. Second District.
May 10, 1963.
On Rehearing July 31, 1963.
Edward F. Boardman, U.S. Atty., and Arnold D. Levine, Asst. U.S. Atty., Tampa, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner and Robert L. Waters, Attys., Department of Justice, Washington, D.C., for appellant.
W.F. Davenport, of Greene & Davenport, St. Petersburg, for appellees.
SHANNON, Chief Judge.
The United States of America appeals from a final decree foreclosing a mortgage held by the appellee, First Federal Savings and Loan Association of St. Petersburg, wherein the chancellor held that the mortgagee's lien for attorney's fees was prior in dignity to the federal income tax lien.
The appellant has but one question on this appeal, and that is whether the recorded federal tax lien should have been *193 accorded priority over a mortgagee's claim for attorney's fees incurred in a foreclosure action after the federal tax lien attached to the property. It was agreed by stipulation of the parties that this was the only issue before the chancellor, and the appellant appeals from an adverse decision thereon.
The mortgage was recorded on September 23, 1957; the foreclosure complaint was filed on October 11, 1961; and the final decree foreclosing the mortgage and ordering the property sold was dated March 5, 1962. The federal tax lien resulted from a federal tax assessment made on May 12, 1961, and notice of tax lien was filed on September 12, 1961.
In the Internal Revenue Code of 1954 it is provided, in part, as follows:
"§ 6321. Lien for taxes
"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
"§ 6322. Period of lien
"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time.
"§ 6323. Validity against mortgagees, pledgees, purchasers, and judgment creditors
"(a) Invalidity of lien without notice  Except as otherwise provided * * * the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate  "
In this case no question is raised as to priority between an attorney's lien, as such, and a federal tax lien. It is simply a question of the priority between the allowance of attorney's fees payable to the mortgagee, and the federal tax lien. In this realm of the law the question is always a federal one. Therefore, in determining priority between a federal tax lien and other competing liens, it is necessary for us to look to the federal statutes and decisional law. United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Security Trust & Sav. Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53; and United States v. Waddill, Holland & Flinn, 1945, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294. In determining lien priorities the usual rule is "first in time, first in right." The Supreme Court of the United States states this principle in United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. In the New Britain case the author quotes Chief Justice Marshall in Rankin & Schatzell v. Scott, 1827, 12 Wheat. 177, 6 L.Ed. 592, as follows:
"The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant."
In the New Britain case it was held that the priority as between the general and perfected tax lien of the United States and the specific and perfected liens of the City was governed by the rule  "First in time, first in right." Therefore, the rights of the City upon liens that became perfected subsequent to the date of recordation of the tax lien were inferior to the lien prior in time. We are cited, by each side, to the case of United States v. Weissman, Fla.App. 1961, 135 So.2d 235, wherein this court, in an *194 opinion by Judge Smith, held that all three federal tax liens had priority over a landlord's lien for rent due on Florida property, notwithstanding that only one notice of tax lien had been recorded before the date of the lease, where all assessment dates were prior to the first default in payment of rent. While that case does not specifically hold on the question we have before us, yet it is analogous to certain of the cases cited in the briefs of the parties hereto.
In the case of United States v. Buffalo Savings Bank (1963), 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283, the United States Supreme Court discussed the rule setting forth priorities between federal tax liens and subsequently accruing liens for local real estate taxes. In that case, even though the state characterized such liens as expenses of sale, the Court held that the federal tax liens had priority, citing United States v. City of New Britain, supra.
In connection with an analogous situation, we have two cases in which a decision is reached which controls the one here. The cases are: United States v. Bond, 279 F.2d 837 (4th Cir., 1960), cert. denied 364 U.S. 895, 81 S.Ct. 220, 5 L.Ed. 189, and United States v. Christensen, 269 F.2d 624 (9th Cir., 1959). In the Bond case the question was whether a tax lien of the United States is prior in right to payments of real estate taxes made by the mortgagee under a prior recorded mortgage, the taxes having accrued and the payments having been made subsequent to the recordation of the notice of federal tax lien. In addition, there was a question of priority as between the federal tax lien and attorney's fees allowed by the lower court for payment to the mortgagee out of the proceeds of sale of the mortgaged property. The court said:
"For the same reasons, we must subordinate to priority of the federal tax liens the claim for an attorney fee paid by Perpetual in protection of the lien of its mortgage. The fee was incurred long after the attachment of the federal tax lien; and at the time of the execution of the mortgage and the creation of the debt secured thereby, the future existence or amount of such attorney fee was, at best, speculative and uncertain."
In the Bond case, as in the present one, the attorney's fees were uncertain at the time the tax lien was recorded. Therefore, as stated in the Bond case, the court followed the "choate lien test." And, in United States v. Christensen, supra, it was held that the payment of state taxes on mortgaged property by a mortgagee, after federal tax liens were recorded, did not give the mortgagee a lien for such local taxes superior to the prior tax liens of the United States.
We hold that the federal tax lien should have been accorded priority over the mortgagee's claim for attorney's fees incurred in the foreclosure action after the federal tax lien had attached, and for this reason we reverse the decision of the chancellor.
Reversed.
ALLEN and SMITH, JJ., concur.

ON REHEARING GRANTED
PER CURIAM.
This court granted rehearing in this cause due to the importance of the question involved and the controversy resulting therefrom.
The appellee, in its petition for rehearing, alleged that this court overlooked the "error" committed in United States v. Bond, supra, upon which we largely relied. It was argued that that case erroneously applied the "choate lien test," since said test was developed to determine the priority of so-called "state liens" not specifically protected under the provisions of the Internal Revenue Code of 1954, Sec. 6323(a) (26 U.S.C. § 1958 ed., § 6323). Also, this court allegedly failed to give full import to federal cases determining that the right to attorney's fees becomes choate upon execution of the dominant *195 contract. Recognizing the complexity and importance of the questions presented, appreciative of the fact that the Bond case was decided over vigorous dissent, and aware of the less than unanimous acceptance of the Bond case by the lower federal courts, we granted rehearing.
After granting rehearing, however, this court was advised of the decision of the United States Supreme Court in United States v. Pioneer American Insurance Company, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770. The decision in that case is determinative of the issues raised on rehearing, and this court therefore adheres to its initial opinion and decision.
In the Pioneer case, the decision of the Supreme Court of Arkansas was reversed, that court having held that the attorney's fees were entitled to priority. The United States Supreme Court cited with approval the cases upon which this court has relied, and held as we have held, to-wit, that the federal tax lien should be accorded priority over a mortgagee's claim for attorney's fees incurred in a foreclosure action after the federal tax lien had attached to the property. The Court in the Pioneer case expressly rejected the contention that the "choate lien test" did not apply when a mortgage under Sec. 6323(a) was involved, stating that: "The federal rule is that liens are `perfected in the sense that there is nothing more to be done to have a choate lien  when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" Since the amount of the lien for attorney's fees was undetermined and indefinite when the federal tax liens were filed, such amount remains inchoate. The Court concluded:
"But it is said, the principal and interest of the mortgage were definite in amount, the attorney's fee later became certain by court order and if the tax lien were to prevail the preference of the mortgagee given by § 6323 will be frustrated since payment of the attorney's fee will reduce the net amount realized from the mortgage. Aside from the fact that the mortgagee here will experience no such reduction, this argument would subordinate federal tax liens to inchoate liens and in both United States v. New Britain and United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283, the Court denied priority to local tax liens which were imperfect when the federal tax lien was filed even though the former had priority over the mortgage and would reduce the recovery of the mortgagee."
The United States Supreme Court having settled this question, we therefore necessarily adhere to our decision and opinion.
SMITH, C.J., and ALLEN and SHANNON, JJ., concur.