Aaron F. Goldstein, J.
This is an action to foreclose a mortgage on real property in Nassau County. A Referee to compute and report was appointed and on July 2, 1963 he rendered a report indicating that the amount due to the plaintiff was $12,348.18 which sum includes $157.42 advanced by the plaintiff for fire insurance premiums.
The United States was joined as a defendant to the foreclosure proceedings as a result of four Federal tax liens having been filed against the mortgaged premises, the earliest of which was filed March 2,1961 with the Clerk of the County of Nassau.
The proposed order would permit the plaintiffs, Southold Savings Bank, to sell the premises at foreclosure subject to accrued local taxes and would direct a payment of a sum of money to the plaintiff for reimbursement of the fire insurance premiums advanced. The United States has interposed objee-r tion to the form of the judgment of the foreclosure, dealing in particular with the issue of reimbursement for fire insurance premiums and the local taxes which accrued subsequent to the date of the Federal liens.
The sole question to resolve concerning the final form of judgment of foreclosure is whether the plaintiff be given priority for the insurance premiums advanced which accrued subsequent to the Federal liens, and whether the premises are to be sold subject to subsequently accrued local taxes.
*382 The priority of Federal tax liens provided by section 6321 of title 26 of the United States 'Code as against liens created under State law, is governed by the common-law rule — ‘ ‘ the first in time is the first in right ” (United States v. New Britain, 347 U. S. 81, 85-86).
The tax lien arises, according to section 6322, when the tax is assessed but as against specific interests mentioned in subdivision (a) of section 6323 — mortgages, pledges, purchasers and judgment creditors — it is not valid until placed on public record.
The priority of a lien created by State law depends “ on the time it attached to the property in question and became choate (United States v. New Britain, supra, p. 86; United States v. Security Trust & Sav. Bank, 340 U. S. 47.) Choate State-created liens take priority over later Federal liens (United States v. New Britain, supra; Crest Finance Co. v. United States, 368 U. S. 347) while inchoate liens do not (see United States v. Liverpool & London Ins. Co., 348 U. S. 215; United States v. Scovil, 348 U. S. 218; United States v. Colotta, 350 U. S. 808). It is the Federal law, that when a State lien has acquired sufficient substance and has been perfected, it will be construed first in time and defeat a later arising or later filed Federal lien.
A State cannot affect the status of Federal liens simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment or obligation is determined. (United States v. New Britain, supra, p. 86.) The Federal rule is that liens are “ perfected in the sense that there is nothing more to be done to have a choate lien — when the identity of the lienor, the property subject to the lien, and the amount of the lien are established ” (id., p. 84).
Consequently, the plaintiff’s contention that advances for insurance premiums are to be added to the mortgage debt and relate back to the prior lien of the mortgage, must fail because the future obligation concerning payment of insurance premiums fails to meet the test of choateness required to defeat the priority of the Federal tax lien (United States v. New Britain, supra; United States v. Buffalo Savings Bank, 371 U. S. 228, revg. 11 NY 2d 31).
The amount to be paid the plaintiff, out of the proceeds of sale, should not therefore include advances by the plaintiff for the payment of insurance premiums arising subsequent to the date the Federal tax liens attached.
This court will not permit the common-law maxim, “ First in time, first in right ”, to be circumvented by the device of adding the fire insurance premium advances onto the indebtedness as the plaintiff is herein attempting. (First Fed. Sav. & Loan *383 Assn. v. Lewis, 14 A D 2d 150; Co-operative Loan & Sav. Soc. v. McDermott, 14 A D 2d 590.)
This same maxim applies with equal force to determination of priority of Federal tax liens competing with local realty taxes which are accorded an absolute priority by State statute. The United States Supreme Court has held repeatedly that Federal tax liens have priority over subsequently accruing liens for local real estate taxes, even though the burden of local taxes in the event of a shortage would fall upon the mortgagee whose claim under State law is subordinate to local tax liens. (United States v. Buffalo Savings Bank, supra.)
Plaintiff cannot circumvent the implementation of the maxim, by having the foreclosure sale conducted “ subject to ”, the unpaid local taxes which accrued subsequent in time to the Federal lien.
To permit this would be to allow the purchaser to pay the local taxes out of his own funds, having already adjusted his bid price with the knowledge that the local tax liens will survive foreclosure. The surplus moneys resulting from the sale would thereby be reduced in proportion to the amount of unpaid taxes, affecting in turn the surplus funds available applicable to the payment of the Federal tax liens.
The United States Supreme Court has held in a tax lien foreclosure suit, brought by the United States, wherein local authorities contended superiority over the Federal lien by virtue of State statutes:
“‘It is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere.’ Burton v. Smith, 13 Pet. [38 U. S.] 464, 483; Rankin v. Scott, 12 Wheat. [25 U. S.] 177, 179; Howard v. Railway Co., 101 U. S. 837, 845. Hence it is not debatable that a tax lien imposed by a law of Congress, as we have held the present lien is imposed, cannot, without the consent of Congress, be displaced by later liens imposed by authority of any state law or judicial decision.” (Michigan v. United States, 317 U. S. 338, 340 [1943].)
It is the opinion of this court that the judgment of foreclosure and sale is to be granted. The proposed order shall provide that out of the proceeds of the sale, the Referee shall pay the Referee’s expense; lawful advertising expense; the plaintiff’s costs and disbursements; and out of the remainder of the proceeds the Referee shall set aside the sum found to be due upon the plaintiff’s mortgage with interest. This shall not include any sums by the plaintiff for advances for real estate taxes, assessments, water rates, insurance premiums, and similar charges, which became specific, perfected and definite in amount *384 subsequent to the date the Federal lien became a charge upon the property. In addition thereto the Referee shall set aside the remainder of the proceeds of sale to pay other outstanding liens, if any, in accordance with their priority, in a separate bank account in his name, to be designated the “ Priority Adjustment Fund ”.
In the event of any uncertainty or disputes as to the amounts or priorities of said liens* the Referee shall apply to this court for directions, upon notice to all interested parties. Settle order on notice in accordance with the terms of this decision.