Jack Stanislaw, J.
Plaintiff Dime Savings Bank of Brooklyn applies for an order confirming a report of computation and granting final judgment of foreclosure and sale. Defendant United States of America is a party defendant by virtue of its filing three notices of Federal tax liens against defendant-mortgagee. Subsequent to the filing of these liens town taxes for the 1962-1963 period became a lien against the mortgaged premises. Dime prays the subordination of the Federal liens to this local tax lien in the face of several recent decisions of the Supreme Court of the United States (infra). Its theory is based upon the fact that the mortgage being here foreclosed is a V. A. (“ G. I.”) mortgage and therefore allegedly beyond the scope of these decisions and an exception to the rule stated.
*384 Federal tax liens prior in time to later accruing local tax liens are prior in right. (United States v. New Britain, 347 U. S. 81.) And this ruling cannot be circumvented by holding local liens to be expenses of the sale. (United States v. Buffalo Sav. Bank, 371 U. S. 228; United States v. Pioneer Amer. Ins. Co., 374 U. S. 84.)
However, plaintiff argues that the instant case can and should be differentiated from those cited (supra). Here, the demotion of the local lien and the priority thereby afforded the Federal liens work to deprive the Veterans’ Administration of the value of the local lien since the latter is obligated to reimburse, at least partially, the mortgagee such sums upon foreclosure. In effect, says Dime, the Treasury Department of the United States is reducing the mortgagee’s return on foreclosure with the result that the V. A. obligation, if any, to the mortgagee necessarily increases. The net effect is to maintain the amount actually flowing to the United States, although changes would be apparent on the books of both the V. A. and the Treasury Department. The former is indirectly paying to the latter, and in the process helpfully reducing the outstanding obligation of the party subject to the Federal liens. Even more seriously, G-. I. home loans, guaranteed by the V. A. could become most unfortunately and disastrously affected, claims Dime. A lending institution conceivably becomes subject to some of the hazards of collateral failure by forces beyond its control. Of course, the V. A. guarantee remains, but the involvement and possible loss necessitated by it would seem to create the probability of future reluctance as well as present instability.
Nevertheless, the edict of the Supreme Court, that 1 ‘ first in time is first in right ’ ’ allows no great degree of deviation, especially after it has -been emphatically repeated. (Cases cited, supra.) Where the Federal tax lien is choate and other liens inchoate the Federal lien is certainly first in time. No allowance is made for the actuality of the certainty of a choate local lien. (Cf. United States v. Pioneer Amer. Ins. Co., 374 U. S. 84, supra.)
The conclusion that must be reached, regardless of the balance that is maintained on the Federal side of the ledger (attended by an unjust and unreasonable reduction of a debt owed to the United States) is that a Federal tax lien is superior to the local lien for taxes arising after the former has become a matter of record. A most difficult line has been drawn by the United States Supreme Court to be applied in the case now before this court. However, the creation of the exception sought here would only serve to undermine the principle so positively established. *385 Circumvention or distinction must be the result of a clear mandate by the Congress and not a distillation of present and projected inequities. Application of the ehoateness rule, founded upon the “ first in time ” maxim, does perhaps appear strained in this case. But the doctrine is not in itself difficult to realize or justify. To subordinate it to bookkeeping considerations or unexpected side effects does not allow for its inherent propriety. The law, and therefore society, best benefit from sound and proper predictability unhampered by the strained repulsion of patently applicable rules laid down by the highest court in the land.
The application is granted. The judgment to be submitted shall provide for the priority of the Federal tax liens vis-a-vis the subsequent local real estate tax lien. It is intended further that such provision shall not be in the form of sale subject to this lien.