**UNITED STATES of America,**
**Plaintiff,**

v.

**RAHAR'S INN, INC., et al., Defendants.**

**Civ. A. No. 63–259–F.**

United States District Court

D. Massachusetts.

April 7, 1965.

William F. Looney, Jr., Asst. U. S. Atty., Boston, W. Arthur Garrity, Jr., U. S. Atty., for plaintiff.

James O'Donnell, Northampton, Mass., Cooley & Cooley, Springfield, Mass., Harold Brown, Daniel Bickford, Boston,

John O'Donnell, Northampton, Mass., Harry W. Young, Springfield, Mass., Francis George, Worcester, Robert Doyle, Northampton, Mass., George Scully, Holyoke, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

This action was brought by the United States under §§ 7401 and 7403 of the Internal Revenue Code of 1954 to foreclose certain liens on taxes owed by the defendant, Rahar's Inn, Inc. The court enjoined defendant Florence Savings Bank from proceeding further with a foreclosure sale under a mortgage it held on the property of Rahar's Inn, Inc. and appointed a receiver of the property of the latter corporation. The receiver has sold the assets of the corporation, and has deposited the net proceeds, after making certain authorized payments, in the registry of this court in the amount of $43,518.77. While numerous creditors have filed claims against this fund, it is not sufficient to satisfy in full the secured priority claims of the United States and the Florence Savings Bank, and the only issue is as to the proper division of the fund between the two claimants.

The principal claim of the bank is based on notes secured by two mortgages recorded on September 19, 1955, on which there is due to the bank a balance of the principal remaining unpaid together with interest to February 24, 1964, the date of the foreclosure sale, in the total amount of $42,670.32. The bank in addition seeks to recover the amount of certain premiums paid for insurance on the property, and legal expenses incurred in connection with its proceeding to foreclose the mortgage. The United States has claims based on unpaid tax liabilities of Rahar's Inn, Inc. with interest thereon, which were assessed and as to which tax liens were filed at various dates in 1958, 1959 and 1960.

The City of Northampton had claims against Rahar's Inn, Inc. for sewer and water assessments and property taxes over a period from 1956 through 1963. Pursuant to an order of this court dated April 21, 1964 the receiver paid $14,000 to the City of Northampton in full settlement of its claims for property taxes and other charges through the year ending December 31, 1963. The order of the court provided that: "3. Said payment will not constitute an adjudication by the parties to this action as to the relative priorities of the various claims nor will it constitute an adjudication of the amount of any other party's share of the proceeds from said sale nor will it constitute adjudication of whose share the payment of the City's claim is to be charged (if it is to be so charged). This court reserves jurisdiction to determine these issues."

In order to determine the proper distribution of the funds now deposited with the court, it is necessary to consider the relative priorities of the claims of the United States, the bank and the city, and to determine on this basis what would have been a proper distribution among these three claimants of the total fund of $57,518.77 consisting of the $43,518.77 now on deposit with the court and the $14,000 paid to the city.

The situation is one which involves the problem of "circular priority" governed by United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. The priority to be accorded the tax liens of the United States is a matter of Federal law. Under the rule of the New Britain case priority among the liens here involved is to be determined by the principle "the first in time is the first in right", and the priority of a lien depends upon the time when it attached to the property and became choate, that is, when it became certain as to amount, identity of the lienor, and the property subject thereto.

Applying this rule to the present situation, the first priority is to be accorded to the bank's claim for the unpaid balance of its original mortgage debt with the interest thereon, in the amount of $42,670.32. Next in priority would be the sewer charges of the city for 1956 through 1958 in the amount of $329.70. Next in order would be claims of the United States for withholding tax lia-

bilities with interest thereon of Rahar's Inn, Inc. which were assessed and on which notice of lien was filed in 1959 and 1960, together with an additional amount of $100.72 representing interest on a withholding tax assessment for 1958 where the assessed liability has been satisfied but the interest has not been paid.

■■ Such a distribution would exhaust the supposedly available funds of $57,518.77. However, while this distribution determines the amount to which the United States is entitled, it does not finally determine the share of the bank since the federal rule applies only to determine the rights of the United States. It leaves the claims of the bank and the city as between themselves subject to the applicable state law which determines their respective shares of what remains after satisfaction of the prior claims of the United States. Under Massachusetts law the city's claim for property taxes and water and sewer charges have priority over the bank's claim under its mortgage. Mass.G.L. Ch. 60, § 37; Ch. 40, §§ 42A, 42B. If the city's claim here had not been satisfied, and the entire fund of $57,518.77 were still available for distribution, the city would be entitled to satisfaction of its claim before the bank could be paid. This claim of the city (except for the $329.70 claim mentioned above which antedates the liens of the United States) cannot be charged against the United States. While the bank's claim for $42,670.32 has priority over the United States tax liens, the share of the United States in the fund cannot be reduced by the fact that as between the bank and the city the city may claim part of the $42,670.32, United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283, nor because the bank could have paid these taxes and added the amount paid to the amount due to it under the mortgage. New Britain, supra. The result should be no different because of the fact that the payment to the city has already been made out of the funds while they were in the hands of the receiver.

■■ In summary, the United States is entitled to satisfaction of its tax claims for 1958, 1959 and 1960 to the extent that they can be satisfied out of the difference between $57,518.77 and $43,000.02 (the total of the claims of the bank and the city having priority of time over the federal tax liens). The claims of the city have been satisfied, and the bank is therefore entitled to the amount which will remain of the $43,518.77 in the registry of the court after payment of the tax claims of the United States.

■ The claim of the bank for insurance premiums and legal expenses cannot take priority over the federal tax liens since they were not incurred and hence did not become fixed in amount and choate prior to the filing of the liens of the United States.

■ The bank further argues that the United States has no valid and enforceable lien on any property of Rahar's Inn, Inc. and that therefore the whole fund should be paid to the bank. The basis for this contention is that under Massachusetts law the legal title to mortgaged property is in the mortgagee, with the mortgagor retaining an equity of redemption. Consequently, the bank argues, the property in question was the property of the bank and not of the taxpayer, Rahar's Inn, Inc. and there was no property of the taxpayer to which any lien could attach. Milton Savings Bank v. United States, 345 Mass. 302, 187 N.E. 2d 379.

The United States claims its liens under 26 U.S.C.A. § 6321, which provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Even though legal title to the property may be in the bank, the taxpayer clearly possessed some rights to the mortgaged property. To this interest of the taxpayer the federal tax lien could and did attach. United States v. Cox, D.C., 119 F.Supp. 147.

Counsel for the bank also assert that prior to the appointment of the receiver, the Assistant United States Attorney who was handling the case for the United States, agreed that if they did not oppose the appointment of a receiver, the claims of the bank would be paid in full before any payment would be made to the United States. The then Assistant United States Attorney denies the making of any such agreement. The making of such an agreement seems unlikely in any event, since the purpose of the government in bringing this action was to enforce its claim to priority for its tax liens in a situation where it was anticipated that liquidation of the property of the taxpayer would not produce a fund sufficient to pay all the secured claims against it. It is quite possible that the discussion of the rights of the claims under the "circular priority" doctrine may have led to some misunderstanding in the minds of counsel. However, the court finds that there was no agreement made on behalf of the United States to waive in favor of the bank any priority which it had on its tax liens.

Judgment and order for distribution of the fund will be prepared and submitted by the parties in accordance herewith.