Bernard S. Meyer, J.
In this mortgage foreclosure action, judgment of foreclosure in the form submitted by plaintiff has been signed by the court notwithstanding the objections of the United States. The first objection is that the judgment held by the United States and which derives from an FHA insured loan has not been accorded priority, but the decision of the Appellate Division, Second Department in Dime Sav. Bank v. Beecher (23 A D 2d 297, app. dsmd. 17 N Y 2d 725, mot. for rearg. den. 17 N Y 2d 813) determines that issue against the Government’s contention.
The second objection is that the judgment does not contain the ‘ priority adjustment fund ’ ’ provisions spelled out by the Appellate Division, Fourth Department in Buffalo Sav. Bank v. Victory (13 A D 2d 207, revd. on other grounds 11 N Y 2d 31, revd. sub nom. United States v. Buffalo Sav. Bank, 371 U. S. 228). The instant judgment provides rather that the Referee shall pay from the proceeds of sale, first, his own fee and the cost of documentary stamps for the deed, second, the expenses of posting and advertising, third, to plaintiff his costs and disbursements and statutory additional allowance, and also real estate taxes, assessments, water rates and other municipal liens or charges which became liens prior to the filing of Federal tax liens. It then directs that if after the foregoing payments it appears that the net proceeds of sale remaining will exceed the sum found to be due on plaintiff’s mortgage, with interest, and there are unpaid real estate taxes, water rates, and other liens and charges inferior to the Federal tax lien, the Referee shall prior to delivery of a deed to the purchaser apply to the court for further directions upon notice to all parties who have appeared, but that in all other cases he shall pay to plaintiff the amount found due on the reference to compute plus any amounts paid to preserve the property since the reference, and any payments necessary to satisfy all local realty taxes, water charges and assessments. The objection to the “priority adjustment fund” form of judgment is that it prematurely determines the priority of the Federal lien, without requiring proof that the mortgagor is the same person as the delinquent taxpayer, or that the prerequisites of applicable Federal statutes (U. S. Code, tit. 26, §§ 6303, 6321) have been satisfied, that the time for determination of priorities is in surplus money proceedings, that if there is no surplus the *497 question of priorities never arises, and that if there is a surplus the rights of the Federal Government in the circular priority situation which the Buffalo Sav. Bank form of judgment provides for will be protected by appropriate additions to the judgment made on the Referee’s application. The United States Attorney does not suggest in his affidavit or brief that the rights of the Government will not be equally well protected by the proposed form of judgment, contending simply that the Buffalo Sav. Bank case is established law and must be followed. Neither the Court of Appeals nor the United States Supreme Court considered the form of the judgment in the Buffalo Sav. Bank case. The court recognizes, of course, that when the Appellate Division in this Department has not spoken on a particular issue but another Appellate Division has, the court is as to matters of substantive law bound to follow the ruling of the other Appellate Division. However, the court does not understand its discretion as to the form of a judgment to be limited by higher court decision when no substantive law difference can or will result. The arguments advanced by plaintiff for its form of judgment appear to the court to be sound and the judgment itself to accord the United States all the protection to which it is entitled under Federal law. Accordingly, in the exercise of discretion, the plaintiff’s form of judgment has been signed.