**UNITED STATES of America,**
**Plaintiff,**

v.

**LAKE CITY MALLEABLE, INC., et al.,**
**Defendants.**

**Civ. A. No. C 64–531.**

United States District Court
N. D. Ohio, E. D.
June 15, 1966.

Merle M. McCurdy, U. S. Dist. Atty., and Bernard Stuplinski, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Charles Parker, Akron, Ohio, for Summit County, and John Kennedy Lynch, Cleveland, Ohio, for Sidney L. Albert.

### MEMORANDUM

GREEN, District Judge.

This action was brought by the United States to enforce federal tax liens by reducing the same to judgment against certain of the named defendants, and for foreclosure on the said liens against a parcel of real property owned by defendant Sydney L. Albert.

There are presently two motions before the Court:

1) A motion by plaintiff to amend the complaint by interlineation;

2) A motion by plaintiff for summary judgment.

Of the several parties named as defendants herein briefs in opposition to the said motions have been filed on behalf of Sydney L. Albert and Summit County, Ohio. All other defendants are in default.

Taking first the motion for leave to amend, the plaintiff seeks leave to amend line 6 of paragraph 19 of the complaint through the deletion of the date "1964" and the substitution of the date "1958" therefor. The pertinent part of paragraph 19 presently reads:

On August 13, 1964, the District Director gave the defendant Sidney L. Albert notice of said assessment, stating the amount and demanding payment thereof.

The Government contends that the actual date of notice and demand was August 13, 1958, and has submitted an affidavit in proof of such fact. The Government states that the date of "1964" was a typographical error in the preparation of the pleading.

The opposing defendants argue that the proposed amendment of the complaint would cause such a material change of the plaintiff's claim as to constitute the pleading of a new claim or cause of action.

Having considered the briefs of the parties and the affidavit submitted by plaintiff, the Court finds that the reference in the complaint to the year "1964" was a typographical error. The Court therefore believes that in the interest of justice leave to make the requested amendment should be granted, Rule 15, Federal Rules of Civil Procedure. Although the pleading of the correct date does substantially affect plaintiff's rights herein, the Court does not believe that the correction of a typographical error comes within the theory of those cases denying requested amendment on the basis of pleading a new claim. This is not a case of the addition of new allegations varying from those of the original complaint, but rather the correction of a mechanical error.

Plaintiff's motion for leave to amend by interlineation line 6 of paragraph 19 of the complaint, in the stated particular, will be granted. In considering plaintiff's motion for summary judgment the Court will treat the complaint as so amended.

Turning to the motion for summary judgment, the various defendants herein stand in different positions with regard to the said motion. As to defendants Lake City Malleable, Inc., Lake City Malleable Company, Machinery Terminals, Inc. and Sydney L. Albert, the plaintiff seeks judgment on the principal tax claim. As to defendant Sydney L. Albert, the plaintiff further seeks an order of foreclosure and sale as to a parcel of real property owned by Mr.

Albert described in the complaint. Defendants The Summit Fidelity and Surety Co., The Allied Stores of Ohio, Inc., Olson Brothers, Bonwit Teller, Inc., Carl Rosen and Summit County, Ohio, are alleged to have liens on the real property of Sydney L. Albert as to which the decree of forclosure and sale is sought herein. As to this group of defendants the complaint prays that the respective lien rights of the parties be determined.[1]

The basic foundation of the Government's claim herein arises out of the income tax liability of defendant Lake City Malleable, Inc. for the fiscal year ended October 31, 1956. In the complaint it is alleged that there is due from the said taxpayer the sum of approximately $370,000, representing unpaid taxes, penalty, and interest thereon, for the stated fiscal year.

The defendants Lake City Malleable Co., Machinery Terminals, Inc. and Sydney L. Albert are alleged in the complaint to be liable to plaintiff in various amounts ranging from approximately $362,000 to $398,000, as transferees of Lake City Malleable, Inc. The complaint alleges that on August 12, 1958 the District Director of Internal Revenue at Cleveland, Ohio, made jeopardy assessments against the alleged transferees with respect to the unpaid tax liability of Lake City Malleable, Inc. It is further alleged that the transferees contested this determination in the Tax Court of the United States, and that on November 13, 1962 the Tax Court entered a decision determining that the several parties were liable as transferees of Lake City Malleable, Inc.

As to defendant Sydney L. Albert, the complaint alleges that on August 25, 1958 the District Director filed with the Clerk of Summit County, Ohio a notice of federal tax liens for the jeopardy assessment against defendant Albert. Mr. Albert's ownership of the real property, on which the decree of foreclosure and sale is sought, is then alleged, as are the various lien claims alleged to be asserted against the said property.

The plaintiff claims priority over all the alleged competing liens except the claim of Summit County, Ohio for real estate taxes for the year 1958, in the sum of $1,597.40.

Defendants Lake City Malleable, Inc., Lake City Malleable Co. and Machinery Terminals, Inc. did not answer to the complaint. An answer was filed by defendant Albert, who alleged that the balance claimed by plaintiff was excessive.

On the motion for summary judgment plaintiff admits that the balances claimed in the complaint do not reflect all credits due, and recovery of judgments in the sum of $146,693.27 is sought against the defendants alleged to be liable under the tax claims. Affidavits evidencing the computation of the stated present balance, and the basis thereof, have been submitted by plaintiff in conjunction with this motion.

As previously stated, the only opposition to the motion for summary judgment is by defendants Sydney L. Albert and Summit County, Ohio.

The only basis of opposition to the motion advanced by defendant Albert is based on a theory predicated on the allegations of paragraph 19 of the complaint stating the date of notice and demand upon Mr. Albert to have been 1964. The opposition to the motion for summary judgment was thus linked to defendant Albert's opposition to the plaintiff's motion for leave to amend the complaint.

Plaintiff's motion for leave to amend having been granted, defendant Albert's basis for opposition to the motion for summary judgment no longer exists, and there is nothing further for the Court to consider in that regard.

This leaves for determination the opposition of defendant Summit County, Ohio, to the motion for summary judg-

---

1. By prior order of this Court the property involved has been ordered sold, and all lien claims transferred to the proceeds of the said sale.

ment. This defendant raises several objections to the granting of plaintiff's motion, which may be summarized as follows:

1) The argument that the Government's lien is invalid, based on the demand date of "1964" as shown in paragraph 19 of the complaint.

2) Because of the nature of real estate taxes, the total tax claim of Summit County, Ohio should be given priority over the Government's tax lien claim.

3) Summary judgment may not be rendered herein because defendant Summit County in its answer denied substantially all the allegations of plaintiff's complaint.

4) Defendant Summit County, not having been a party to the Tax Court proceedings, is entitled to litigate the issue of Mr. Albert's transferee liability in this action.

As to the first argument above, it is essentially the same as that advanced on behalf of Mr. Albert, and likewise fails by reason of the amendment to the complaint.

■ The argument advanced as number 2 above must be rejected in view of the Supreme Court's ruling in United States v. Ciy of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Therein, in considering the priorities of a perfected federal tax lien as against a state real estate tax lien, the Supreme Court adopted the rule of first in time, first in right, and rendered a decision finding the federal lien to have priority over that of the state.

■ The third argument above cannot be sustained against the specific mandates of Rule 56(e), Federal Rules of Civil Procedure, which, in pertinent part, provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The answer of this defendant denied "for want of knowledge" the bulk of plaintiff's allegations in the complaint, specifically denying, however, the allegation of priority of the Government's lien. By way of counter-claim, Summit County alleged that its total tax claim has priority over that of plaintiff.

Many of the allegations of the complaint not admitted by this defendant are not material to the issues controlling on this motion. Affidavits have been submitted by the plaintiff and this defendant bearing on the main issues of this controversy.

Based on the pleadings, answers to interrogatories by Mr. Albert, affidavits and exhibits of record, and upon the reported decision of the Tax Court of the United States in Morrison Industries, Inc., Transferee, et al., T.C. Memo 1962–155, 21 T.C.M. 853, the Court finds that Sydney L. Albert has been adjudged liable for taxes as a transferee of Lake City Malleable, Inc.

■ As to the fourth argument above, the question raised is whether Summit County, Ohio may litigate the issue of Mr. Albert's transferee tax liability as a part of this proceeding. The Court believes that that answer must be in the negative, by reason of the fact that the Tax Court of the United States has previously rendered its decision finding Mr. Albert liable for taxes as the transferee of Lake City Malleable, Inc.

Defendant Summit County contends that as it was not a party to the Tax Court proceedings it would be denied due process of law if denied the opportunity to challenge the Government's tax claim. It is further contended that the rights and liabilities of persons not parties to an action cannot be adjudicated and terminated in their absence. The fallacy in this line of reasoning is that there is no attack herein, nor was there any in the Tax Court case, on any

claim of Summit County. The only prayer in this action by the Government affecting Summit County is for a determination of priority of liens. No challenge is made as to the amount or validity of the county's tax liens.

If the theory of this defendant were to be adopted, any judgment reduced to a lien would be subject to collateral attack by any other creditor of the judgment debtor when foreclosure of the lien was sought. ·

The theory advanced by this defendant is completely alien to the concept of finality of judicial determination so well recognized in our jurisprudence. The authorities relied upon by defendant Summit County, annotated at 100 A.L.R. 2d 869, involved instances where no judicial determination of the taxpayer's liability had previously been had, and consequently are not in point herein.

It is the Court's conclusion that once having been judicially determined the question of the tax liability of Sydney L. Albert as transferee of Lake City Malleable, Inc. cannot be collaterally attacked in this action.

It is the Court's finding that plaintiff is entitled to summary judgment in the amount of $146,693.27 against defendants Lake City Malleable, Inc., Lake City Malleable Co., Machinery Terminals, Inc. and Sydney L. Albert, and that the plaintiff is also entitled to a decree ordering the sale of the real property belonging to Sydney L. Albert described in the complaint.

As to the priority of liens, under 26 U.S.C.A. §§ 6321 and 6323(a), the lien of the Government is prior to all liens arising after August 25, 1958, the date of filing of notice of the federal tax liens. Based thereon, the Court finds that the lien of Summit County, Ohio for real estate taxes for the year 1958 is superior to the Government's tax liens, and that the Government's tax liens, reduced to judgment herein, are superior to all other lien claims asserted against the realty to be sold. As the Court is advised that the proceeds of sale of the property in question will not be sufficient to satisfy the Government's judgment herein, the Court does not deem it necessary to determine the priority of the remaining lien claims. Jurisdiction will be reserved to make such a determination if it becomes necessary to do so.

Counsel for the plaintiff is directed to prepare an order of judgment and decree of foreclosure and sale in accordance with the terms of this memorandum and submit the same to the Court for approval within thirty days of entry of this ruling.