**UNITED STATES of America,
Plaintiff,**

v.

**Harold G. HAUFF and Linda Jean Hauff, Husband and Wife, M. E. Rothenberger, d/b/a Rothenberger Oil Company, National Home Supply Company, Inc., County of Scotts Bluff, Nebraska, and City of Gering, Nebraska, a Municipal Corporation, Defendants.**

**Civ. No. 02447.**

United States District Court
D. Nebraska.

Sept. 14, 1966.

Theodore L. Richling, U. S. Atty., and Richard L. Edgerton, Asst. U. S. Atty., for plaintiff.

LaVern H. Hansen, Gering, Neb., for defendant, Rothenberger.

H. G. Hamilton, Asst. Atty. Gen. of Neb., and James W. Ponder, Jr., County Atty., for Scotts Bluff County, for defendant, County of Scotts Bluff, Neb.

Hans Holtorf, City Atty. for City of Gering, Neb., for defendant, City of Gering.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on a motion for summary judgment to determine the priorities of the various claims presented in this foreclosure action. The motion was filed by the plaintiff, the United States of America. [Filing #16 herein]. This Court has jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 1345.

The Complaint in this action was filed on January 6, 1966. It alleged that on the 15th day of July, 1960, Harold G.

Hauff and Linda Jean Hauff, defendants, executed and conveyed to the Administrator of Veterans Affairs a note in the amount of $13,500.00 and a mortgage deed to certain real estate. The real estate involved is legally described as—:

Lot Twelve [12], Block One [1], Lampert's Addition to the City of Gering, Scotts Bluff County, Nebraska as surveyed, platted and recorded.

The mortgage was recorded in the office of the Register of Deeds of Scotts Bluff County, Nebraska, on July 18, 1960. The Hauffs defaulted in the payment of the installments due under the provisions of the note and mortgage, and this foreclosure action was filed. The Hauffs failed to appear or answer to the allegations of the Complaint and a default judgment was entered against them for the amount due on the note. It now becomes necessary to determine the order of priorities as to the various claims asserted on the property as against the United States of America. The facts are not disputed.

The United States joined as defendants four parties who claim a security interest in the property: M. E. Rothenberger, doing business as Rothenberger Oil Company; National Home Supply Company, Inc.; County of Scotts Bluff, Nebraska; and City of Gering, Nebraska.

The City of Gering, Nebraska claims that it has a first lien on the property by reason of an assessment levied on the property for paving improvements made joining and abutting the property. The assessment was charged on November 17, 1964 in the amount of $320.16 plus interest.

The County of Scotts Bluff claims a lien on the property in the amount of $385.39 which amount is due on the property for 1965 real estate taxes. The amount due for such taxes became a lien on the premises as of January 1, 1966.

The above two defendants argue that their respective liens on the real estate are first liens because of the provisions of Sections 77–203, and 77–209 Neb. R.R.S. [1943], which state:

"77–203. *Real estate taxes; when due; first lien.* All general real property taxes levied for the state, or for any county, city, village or other political subdivision therein, shall be due and payable on January 1 next following the date of levy thereof, and commencing on that date shall be a first lien on the real estate taxed until paid.

"77–209. *Special assessments; lien; priority.* All special assessments, regularly assessed and levied as provided by law, shall be a lien on the real estate on which assessed, and shall take priority over all other encumbrances and liens thereon except the first lien of general taxes under section 77–203."

If state law were to be found controlling, the liens of the County of Scotts Bluff and the City of Gering would take precedence over all other liens. However, we find that state law does not control as against the plaintiff, the United States of America.

" * * * The purpose of the supremacy clause was to avoid the introduction of disparities, confusions and conflicts which would follow if the Government's general authority were subject to local controls. The validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any state." United States v. Allegheny County, 322 U.S. 174, 183, 64 S.Ct. 908, 913, 88 L.Ed. 1209 [1943].

There is no question but that Congress was exercising its constitutional powers in authorizing the Administrator of Veterans Affairs to guarantee loans to veterans and to accept security therefor in 38 U.S.C. § 1802, and 38 U.S.C. § 1820. If the State of Nebraska were to be allowed to alter the standing of

the Government's mortgage it would certainly introduce " * * * disparities, confusions and conflicts which would follow if the Government's general authority were subject to local controls." United States v. Allegheny County [Supra]. The Eighth Circuit speaking through Judge Van Oosterhout applied this supremacy rule in United States v. Latrobe Construction Company, 246 F.2d 357 [1957] where it was determined under federal law. In that case the trial court had held that certain miner's liens had priority over the mortgage liens of the Government under Arkansas law. The Court of Appeals reversed saying:

"We believe that the priority of the liens involved in this appeal should be determined by federal law."

Later in the same opinion the Court stated what law should be applied.

"The decisions of the Supreme Court heretofore discussed appear to establish quite definitely that a federal priority or federal lien will prevail over any lien that is not specific and perfected. The Supreme Court has uniformly held that, as against federal priorities or liens, the question of whether the lien asserted against the Government claim is specific and perfected is always a federal question."

This rule of priorities, "first in time is the first in right * * *" has been applied as the federal rule by the Supreme Court in United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 [1953].

■ Defendants, City of Gering and County of Scotts Bluff, argue that federal law does not apply and that such result is contrary to the recent ruling in United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 [1966]. That case involved the Texas law of coverture and specifically the provisions limiting a married woman's capacity to contract. The Court emphasized that the result reached was demanded by the peculiar facts of the case before it, and distinguished its former holdings.

"The decisions of this Court do not compel or embrace the result sought by the Government. None of the cases in which this Court has devised and applied a federal principle of law superseding state law involved an issue arising from an individually negotiated contract. None of these cases permitted federal imposition and enforcement of liability on a person who, according to state law, was not competent to contract. None of these cases overrode state law in the peculiarly state province of family or family-property arrangements."

We do not believe that the rule of the Yazell case [supra] extends to the issue of the priority of a mortgage lien held by the Government.

■ Applying the federal law of first in time is the first in right, the United States has the first lien to the property. The mortgage of the Administrator of Veterans Affairs was perfected on July 18, 1960. The mortgage of M. E. Rothenberger, d/b/a Rothenberger Oil Company was recorded on November 13, 1963. The mechanics lien of National Home Supply Company, Inc. did not attach until February 19, 1965. The liens of the City of Gering and the County of Scotts Bluff did not attach until November 17, 1964 and January 1, 1966 respectively.

The question of the relative priorities of the other parties claiming a security interest in the property is not properly before the Court at this time. All that is here decided is that priorities as against the United States of America must be determined by federal law, and that federal law gives the Government priority over all other claims in the present case. Accordingly,

It is ordered that plaintiff's motion for summary judgment should be and is hereby sustained. Counsel for the government will prepare and submit an appropriate decree of foreclosure within fifteen [15] days.