**In the Matter of THRIFTWAY AUTO RENTAL CORP., Bankrupt.**

**No. 65–B–101.**

United States District Court, S. D. New York.

Jan. 15, 1971.

J. Lee Rankin, Corp. Counsel, New York City, for the City of N. Y., by Samuel J. Warms, Cornelius F. Roche, New York City, of counsel.

Whitney North Seymour, Jr., New York City, U. S. Atty. S. D. N. Y., by Susan Freiman, Asst. U. S. Atty., of counsel.

CROAKE, District Judge.

### MEMORANDUM

This is a petition by the City of New York, seeking a review of an order by the Hon. Edward J. Ryan, Referee in Bankruptcy, dated July 31, 1970, which denied the priority lien claims of the City, and allowed those of the United States. The trustee in bankruptcy is not concerned in these proceedings. The facts and the questions presented are not in dispute; the memoranda of both parties are adequate and of considerable assistance.

It is agreed that neither party had levied before the petition in bankruptcy was filed on February 15, 1965, and consequently all wage claims and administrative expenses have priority over these claims. It is also agreed that of the total lien of $14,453.80 held by the United States, $658.46 must be paid, since an assessment in that amount, dated November 2, 1964, was prior to any relevant action by the City.

On November 6, 1964, the City docketed a tax warrant for sales and other taxes due it in the amount of $16,307.33. On November 18, 1964, and January 13, 1965, the United States assessed additional taxes in the amounts of $9,851.48, and $3,934.86, which with the $658.46 referred to above amount to $14,453.80. The $8,638.44 in assets on hand is insufficient to pay either claimed lien in full.

The issues, as presented and analyzed by Referee Ryan in his decision dated July 25, 1970, are:

Whether the City's lien became *functus officio* because the City failed to levy upon the debtor's property within sixty days after the receipt by the sheriff (or his substitute) of a warrant, and

Whether the later tax lien of the United States primes the lien of the City of New York in bankruptcy, assuming that the lien of the City of New York was in fact valid at the date of the filing of the petition in bankruptcy by virtue of R.S. § 3466 (31 U.S.C. § 191).

As previously stated, Referee Ryan decided the first question in the affirmative. He noted, however, that if he had reached the second question, he would have determined that the United States lien did not prime that of the City.

The City claims its priority under the relevant portion of Section N46–11.0 of the Sales Tax Law, a local statute contained in the Administrative Code of the City of New York, which reads as follows:

"b. [1] As an additional or alternate remedy, the director of finance may issue a warrant, directed to the city sheriff commanding him to levy upon and sell the real and personal property of the vendor or officer of a corporate vendor or purchaser or other person liable for the tax which may be found within the city, for the payment of the amount thereof, with any penalties and interest, and the costs of executing the warrant, and to return such warrant to the director of finance and to pay to him the money collected by virtue thereof within sixty days after the receipt of such warrant. [2] The city sheriff shall within five days after the receipt of the warrant file with the county clerk a copy thereof, and thereupon such clerk shall enter in the judgment docket the name of the person mentioned in the warrant and the amount of the tax, penalties and interest for which the warrant is issued and the date when such copy is filed. [3] Thereupon the amount of such warrant so docketed shall become a lien upon the title to the interest in real and personal property of the person against whom the warrant is issued. [4] The city sheriff shall then proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record and for services in executing the warrant he shall be entitled to the same fees, which he may collect in the same manner. [5] In the discretion of the director of finance a warrant of like terms, force and effect may be issued and directed to any officer or employee of the department of finance, and in the execution thereof such officer or employee shall have all the powers conferred by law upon sheriffs, but shall be entitled to no fee or compensation in excess of the actual expenses paid in the performance of such duty. [6] If a warrant is returned not satisfied in full, the director of finance may from time to time issue new warrants and shall *also* have the same remedies to enforce the amount due thereunder as if the city had recovered judgment therefor and execution thereon had been returned unsatisfied." [Enumeration of sentences and emphasis supplied.]

The first question presented by this petition is whether the failure to levy or otherwise to preserve the lien which was established pursuant to the statute resulted in the lapse of the lien. This in turn depends upon the nature of the interrelations of the various sentences. The United States reads the various provisions of the statute as limiting rather than expanding the basic grant of a

statutory lien, while the City reads each successive sentence as an addition to the powers of the Director of Finance to recover unpaid taxes.

Referee Ryan, relying on the policy against dormant executions, decided that it would be unreasonable to read the statute as allowing the City the enjoyment of a statutory lien continuing indefinitely without regard to any diligence in collecting the underlying debt. He therefore held that the City's lien had become *functus officio* at the time the petition in bankruptcy was filed.

This court is always hesitant to disagree with the learned Referee. In these circumstances, however, it feels constrained to do so, but, it should be noted, only with regard to the interpretation of the language of the City statute involved.

■ The draftsmen, by utilizing the word "also" in the last sentence of the statute, created the inference that the powers contained therein are in addition to those granted elsewhere, and should not be read to lessen them. Apparently the lien created by this statute will therefore endure indefinitely, the only penalty for lack of diligence being (as occurred here) subordination to wage claims and administration expenses; 11 U.S.C. § 107(c), as amended. Such a result may well be undesirable, and the language chosen unnecessarily ambiguous, but this court must not substitute its judgment for that of the drafters.

Also, the warrant mentioned in the statute apparently serves three functions: of creating a lien, of giving notice of the lien, and of operating as an execution. The intent of the draftsmen appears to have been that only as an execution could the warrant become *functus officio*. See N.Y. C.P.L.R. §§ 5202 and 5230 (McKinney 1963). To hold to the contrary, that the original lien had expired, and a new docketing was required every time a new warrant was needed in the effort to collect the debt, would be to induce an unnecessary amount of confusion and uncertainty into the judgment docket.

Since the lien did not lapse, it must be held valid against the trustee. Under Section 67c(1) (B) of the Bankruptcy Act, 11 U.S.C. 107(c) (1) (B), the lien would be invalid only if invalid against a bona fide purchaser. This would occur only if the lien had not been perfected. But the City's lien had been perfected, since nothing more remained to be done to have a choate lien, and the lien, having been definite as to the identity of the lienor (the City), the property subject (all) and the amount (that stated in the warrant as docketed), was choate. United States v. New Britain, Conn., 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

■ The claim by the United States that it is nevertheless entitled to priority under R.S. 3466, 31 U.S.C. § 191, is rejected for the reason that R.S. 3466 is inapplicable, as explained by Referee Ryan.

Accordingly, the decision of the Referee is disapproved, and the priority lien claim of the United States is disallowed; that of the City is allowed.