**MT. CARMEL MERCY HOSPITAL, Plaintiff,**

v.

**UNITED STATES of America, Michigan State Accident Fund, Robert Leichtman, Sharon Leichtman, David W. McKinney, Alisa McKinney and Tyra Kirk, Defendants.**

**No. 87–CV–74439–DT.**

United States District Court,
E.D. Michigan,
S.D.

Jan. 17, 1989.

Honigman, Miller, Schwartz & Cohn, Detroit, Mich. by Gerard Mantese, for plaintiff Mt. Carmel Mercy Hosp.

U.S. Atty., Detroit, Mich. by Carolyn Bell Harbin, Tax Div., U.S. Dept. of Justice, Washington, D.C. by R. Todd Luoma, for defendant U.S.

Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore & Sills, P.C., Detroit, Mich. by James A. Sullivan, for defendant Michigan State Acc. Fund.

Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich. by Michael L. Pitt, for defendants Robert and Sharon Leichtman.

David W. McKinney, III, M.D., Detroit, Mich., in pro. per.

Alisa McKinney, Detroit, Mich., in pro. per.

Tyra Kirk, Detroit, Mich., in pro. per.

## OPINION

GILMORE, District Judge.

This is an interpleader action that is before the Court on cross motions for summary judgment.

Plaintiff, Mt. Carmel Mercy Hospital, was a tenant of certain property located at 15901 Greenfield, in the City of Detroit, for which it paid a monthly rental of $2,800. The rental was payable to David W. McKinney, and the Plaintiff owed a total of $28,000 for rent for the property over the time it occupied the premises. The $28,000 has been paid to the Clerk of the Court by Mt. Carmel Mercy Hospital, pursuant to an order entered by this Court on August 8, 1988.

The interpleader action was filed to determine to whom the $28,000 should be paid. The competing claimants are the Internal Revenue Service of the United States (IRS) and the Michigan State Accident Fund (Accident Fund) on behalf of Robert Leichtman and Sharon Leichtman. David McKinney, Alisa McKinney and Tyra Kirk have been defaulted.

Defendants Leichtman and the Accident Fund have an identity of interest with respect to the money in question. The Accident Fund paid Robert Leichtman for an injury he sustained from an assault by David McKinney, for which the Leichtmans obtained a judgment on October 14, 1982, in the Wayne County Circuit Court, against David McKinney in the amount of $676,606.27. On September 27, 1987, the Leichtmans commenced a garnishment action against the fund at issue here.

The United States also claims interest in the fund. On January 30, 1985, the IRS filed a federal tax lien in the amount of $7,199.31 against all property and rights to the property of David McKinney, based on assessments made for employment taxes. On March 11, 1985, the IRS filed a federal tax lien in the amount of $234,003.88 against all property and rights to the property of David McKinney, based on assessments made for unpaid federal income taxes. Notices of both federal tax liens were filed with the Wayne County Register of Deeds, Detroit, Michigan.

■ As pointed out, *supra*, the McKinneys and Tyra Kirk have been defaulted for failure to answer, in accordance with Fed.R.Civ.P. 55(a). All parties ask that a default judgment be entered against David and Alisa McKinney and Tyra Kirk with respect to the interpleader fund held by the Clerk of the Court in this case. As the McKinneys and Tyra Kirk have not responded to the motions for entry of default judgment, such a judgment will be entered.[1]

The dispute to be resolved is which party—the IRS or the Accident Fund—is entitled to the $28,000 the Clerk now holds. Everyone agrees the proper standard to be used in the case is "first in time is the first in right." *See United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). The issue before the Court is who was first.

■ It is the position of the Leichtmans and the Accident Fund that they were first in time because on May 16, 1983, the Leichtmans served a writ of garnishment on a Dr. Sanford Pollack, who occupied the property at 15901 Greenfield, the subject matter of the levy. The IRS claims it is first in right because the 1983 garnishment had no bearing on the fund at issue here. According to the IRS, the first proper claim the Accident Fund and the Leichtmans had to the disputed fund is the garnishment filed on September 27, 1987. The IRS therefore claims that it is first in time because of its federal tax liens filed on January 30, 1985, and March 11, 1985.

1. While the McKinneys and Tyra Kirk have not responded to the motions for default judgment, either in direct response to the motions or by moving to set aside the default, they have filed a late answer to the Mt. Carmel complaint and a nine count counterclaim. As the default against these individuals has not been set aside, the late filings will not be considered.

It is the Government's position that the 1983 garnishment on Dr. Pollack did not perfect the Leichtmans' and the Accident Fund's lien to the fund in question here, because funds owing from Dr. Pollack to David McKinney are not at issue. The Government asserts that what is at issue are the funds owing from Plaintiff Mt. Carmel Mercy Hospital to David McKinney, and that the garnishment by the Accident Fund and the Leichtmans on that fund was not served until 1987, some two years after the IRS tax liens. The IRS tax liens, in contrast, applied against all property and rights to property of David McKinney, including the disputed fund.

The general rule is that state law will be used to determine whether there is an interest in property, but federal law is used to determine the priority of interest where federal tax liens are involved. *See U.S. v. Equitable Life Assurance Society,* 384 U.S. 323, 330, 86 S.Ct. 1561, 1565, 16 L.Ed.2d 593 (1966); *Aquilino v. U.S.,* 363 U.S. 509, 512–14, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960). The general rule under federal law with respect to priority, as interpreted by the Supreme Court, is "first in time is the first in right." *U.S. v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). That Court held:

> We believe that priority of these statutory liens is determined by another principle of law, namely, "the first in time is the first in right." As stated by Chief Justice Marshall in *Rankin v. Scott,* [12 Wheat 177, 6 L.Ed. 592 (1827)] *supra:* "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant." 12 Wheat., at 179. ... Thus, the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate.

*Id.* at 85–86, 74 S.Ct. at 370.

The dispute thus is when the claim becomes choate. In *City of New Britain,* *supra,* the Court held that a lien becomes choate when: (1) the identity of the lienor is determined; (2) the property subject to the lien has been fixed; and (3) the amount of the lien has been determined. *Id.* at 86, 74 S.Ct. at 370. With regard to the 1983 writ of garnishment on Dr. Pollack, the identity of the lienor has been determined. Moreover, the amount of the lien has been determined as of October 14, 1982, the date the judgment was obtained in the Wayne County Circuit Court, in the amount of $676,606.27. However, it appears clear that the requirement of the second element has not been met because the property to which the Leichtmans' judgment attached was not fixed under the Michigan law at the time the judgment was entered. As argued by the Government, the property subject to the lien becomes fixed when a proper garnishment proceeding is commenced against the specific property in question. The mere obtaining of a judgment is insufficient to create a judgment lien against a debtor's personal property. *See generally* M.C.L.A. §§ 600.6001, 600.-6002, 600.6017 and 600.6051. *See also Walker v. Paramount Engineering Company,* 353 F.2d 445, 448 (6th Cir.1965); *First National Bank v. Hasty,* 410 F.Supp. 482, 490 n. 11 (E.D.Mich.1976) ("In Michigan, execution and levy are necessary to create a lien."). The 1983 writ of garnishment applied only to money owed by Dr. Pollack to David McKinney, not to the funds at issue here.

■ When a federal tax lien is involved, the courts must look to federal law to determine the priority of interest. Under the federal law, as set forth in *City of New Britain, supra,* to achieve a status of a judgment lien creditor, and have priority over a federal tax lien, a creditor's judgment lien must be choate under federal law and satisfy all of the requirements for perfection under state law prior to the Government filing notice of tax lien. That did not occur here.

Tax lien notices were filed in January and March 1985. The tax liens applied against all property and rights to property of David McKinney. *See Glass City Bank*

*v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945) (attaches to existing property and after acquired property). In order for a federal tax lien to be effective against a subsequent judgment lien creditor, a notice of the federal tax lien must be filed. *See* Section 6323, Internal Revenue Code (26 U.S.C.). The Leichtmans' writ of garnishment on the fund at issue here, the money owing from Plaintiff Mt. Carmel Mercy Hospital to David McKinney, was not filed until September 1987. It is therefore clear that the interest of the Accident Fund and the Leichtmans did not become choate until 1987, some two years after the filing of the tax liens.

For the reasons given, judgment may be entered awarding the fund held by the clerk to the IRS, and a default judgment may be entered against the McKinneys and Tyra Kirk. Counsel will present the judgment.