Victor J. Troiano Troiano Roberts, P.A.
QUESTION:
1. Is the clerk of the court in a tax deed sale required to disburse the surplus proceeds to a governmental lienholder first when there is a nongovernmental lienholder with a superior lien based upon the recording statutes?
2. Is the clerk required to refrain from paying inferior lienholders who have filed claims when there is a superior lienholder who has failed to file a claim?
SUMMARY:
1. Section 197.582, F.S., provides that governmental lienholders must be satisfied before other lienholders may be paid. Although an application of the statute may encounter constitutional difficulties if it alters the lawfully established and normal priority of liens, this office must presume the constitutionality of the statute. If the clerk has reasonable doubts regarding disposition of the proceeds, he may seek judicial direction.
2. Section 197.582, F.S., does not authorize the clerk to pay junior lienholders prior to prior recorded superior liens. Where there exists reasonable doubts as to the statute's application, the clerk may bring an appropriate judicial proceeding for declaratory relief or interpleader.
AS TO QUESTION 1:
Section 197.582(2), F.S., provides:
 If the property is purchased for an amount in excess of the statutory bid of the certificate-holder, the excess shall be paid over and disbursed by the clerk. . . . The clerk shall distribute the excess to the governmental units for the payment of any lien of record held by a governmental unit against the property. In the event the excess is not sufficient to pay all of such liens in full, the excess shall then be paid to each governmental unity pro rata. If, after all liens of record of the governmental units upon the property are paid in full, there remains a balance of undistributed funds, the balance of the purchase price shall be retained by the clerk for the benefit of the persons described in s. 197.522(1)(a), as their interests may appear. . . .[1] (e.s.)
This office in AGO 82-14 previously considered the duties of the clerk of the court under s. 197.291(2), F.S. 1981, now s.197.582(2), F.S. Other than the renumbering of the statute,[2]
there have been no material changes to the statute since AGO 82.14 was issued.
The reasoning and conclusion reached in that opinion, therefore, would still appear to be valid. In AGO 82-14 this office stated that if compliance with the statute altered the lawfully established and normal priority of liens, then such application could impair the constitutionally protected contractual or property rights in violation of the Due Process and Contract Clauses of the Florida and United States Constitutions.[3]
In addition, if a federally held lien was displaced or impaired, the Supremacy Clause of the United States Constitution might be violated.[4]
To the extent that s. 197.582(2), F.S., would allow a governmental lien to be satisfied prior to another lien which had been perfected at an earlier time, these constitutional problems may still exist. The Attorney General, however, cannot declare a statute unconstitutional or advise any officer to disregard a legislative directive or mandate.[5] This office must presume the constitutionality of a statute until declared invalid by a court of competent jurisdiction.
This office, however, has stated that the clerk has standing to bring an appropriate judicial proceeding against the property owner and holders of perfected and recorded liens.[6] If the clerk, therefore, has reasonable doubts as to the disbursement of excess proceeds under s. 197.582(2), F.S., he may wish to bring a proceeding for judicial direction regarding the disbursement of such excess funds.
AS TO QUESTION 2:
This office has consistently stated that mortgagees and lienholders of record should be satisfied in full, each according to its priority, before applying the excess to a junior lien.[7]
As stated by the court in Bank of South Palm Beaches v. Stockton, Whatley, Davis and Company,[8] "the well-established rule governing priority of lien interests is `the first in time is the first in right.'"
Therefore, the excess proceeds of the sale must first be distributed to the mortgagees and lienholders of record according to their priority. Nothing in the statute authorizes the clerk to pay junior lienholders prior to recorded superior liens. However, if the clerk is in doubt as to the proper distribution of the excess proceeds, he may bring a proceeding for declaratory relief or interpleader against the holders of the various liens and interests in the property.[9]
[1] And see, Rule 12D-13.065(2), F.A.C., providing that proceeds in excess of the minimum bid of the tax deed applicant shall be distributed to governmental units for payment of any lien held by the governmental unit against the property.
[2] See, s. 196, Ch. 85-342, Laws of Florida.
[3] See, ss. 9 and 10, Art. I, State Const.; and s. 10, Art. I, and Amend. XIV, U.S. Const. 
[4] See, s. 2, Art. VI, U.S. Const. 
[5] See, e.g., AGO 77-99.
[6] See, AGO's 77-99 and 82-14.
[7] See, e.g., AGO's 82-14, 78-64 and 77-99.
[8] 473 So.2d 1358, 1360 (4 D.C.A. Fla., 1985). Andsee, United States v. City of New Britain, 347 U.S. 81 (1954) ("The principal is believed to be universal, that a prior lien gives prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it . . .").
[9] See, AGO's 82-14, 78-64 and 77-99.