In re Artimus BROWN, Debtor.

Gary V. SKIBA, Trustee, Movant,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE; Commonwealth of PA, Unemployment Compensation Fund; Office of Employment Security, Dept. of Labor & Industry; Pennsylvania Minority Business Development Authority; and U.S.A., Small Business Administration, Respondents.

Bankruptcy No. 86–00621E.
Motion No. GVS–4.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 17, 1993.

Stephen H. Hutzelman, Erie, PA, for debtor.

Gary V. Skiba, Erie, PA, Chapter 7 Trustee and Attorney pro se.

Robert Attardo, Washington, DC, for I.R.S.

Deborah C. Phillips, Pittsburgh, PA, for Com. of Pennsylvania, Dept. of Labor and Industry.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

This matter is before the Court upon a Motion by Gary V. Skiba, Esq., the Chapter 7 Trustee ("Trustee") for Determination of Secured and Tax Status and Objection to Claims ("Motion"). This case was initiated as a Chapter 13 by a Petition filed on December 23, 1986. On August 8, 1989, prior to confirmation of a Chapter 13 Plan, this case was converted to a proceeding under Chapter 7. The Chapter 7 Trustee presently holds $13,873.09 (the "Fund"), all of which is derived from payments the Debtor made to the Chapter 13 Trustee and which the Chapter 13 Trustee remitted to the Chapter 7 Trustee upon conversion. The Trustee proposes to distribute the Fund after payment of administrative costs to the Commonwealth of Pennsylvania, Department of Labor and Industry ("Labor

and Industry"). The Debtor opposes the proposed distribution.

### Facts

The Internal Revenue Service ("IRS") filed Claim No. 11 in the amount of $90,672.69, of which $82,405 is claimed as secured. Labor and Industry filed Claim No. 14 in the amount of $26,786.69, of which $26,363.54 is claimed as secured. The Pennsylvania Minority Business Development Authority ("PMBDA") filed Claim No. 21 in the amount of $24,750.26 as totally secured. The Small Business Administration ("SBA") filed Claim No. 8 in the amount of $26,526.31 as totally secured.

The priority of filing among these respondents with the office of the Prothonotary of Erie County, Pennsylvania is as follows:

(1) SBA, Financing Statement filed 6/18/79, No. 526280

(2) PMBDA, Financing Statement filed 3/2/84, No. 656–84

(3) Labor and Industry, Judgment filed 1/6/86, No. 25–J–86, $24,760.16

(4) IRS, Judgment filed 2/7/86, No. 247–J–86, $94,390.77

Other liens have been entered against the Debtor which are not relevant to this proceeding. All judgments and financing statements have been appropriately revived.

The Trustee asserts that the SBA and/or PMBDA may have a security interest in the Fund. The Trustee proposes no distribution to either the SBA or the PMBDA. The Debtor asserts that the liens of the SBA and the PMBDA arise from loans to the Debtor for his dental practice and that these obligations were current at the time the Debtor filed his bankruptcy Petition and that these obligations remain current. Neither the SBA nor the PMBDA filed a response to the Motion.

The Trustee takes the position that Labor and Industry's prepetition judgment lien which is filed first in time attaches to all of the Debtor's property whenever acquired, and therefore, the Fund is impressed with Labor and Industry's lien.

Labor and Industry agrees with the Trustee and further asserts that its lien attached to the Debtor's postpetition earnings when earned by the Debtor.

The IRS asserts that Labor and Industry is entitled to the Fund if the Debtor cannot discharge Labor and Industry's claim. The IRS further asserts that if Labor and Industry's claim is dischargeable, then the IRS lien falls into first place to receive the distribution from the Trustee.

The Debtor asserts that after payment of administrative claims, the remainder of the Fund should be paid to the Debtor in accordance with 11 U.S.C. § 1326(a)(2). It is the Debtor's position that the lien of the UCF is not validly entered against the Debtor; that the lien of the IRS would attach to the Debtor's interest in the Fund, but not to the Fund itself; that the Trustee is obligated to distribute the Fund to a) costs of administration, b) delinquent prepetition regular payments to secured creditors, of which there are none, and c) to the Debtor or, in the alternative, to the IRS.

We find that the IRS lien takes priority over the antecedent Labor and Industry lien. Since the Debtor has no objection if the IRS receives the distributions, we need not address the remaining issues.

### Discussion

Labor and Industry filed its judgment on January 6, 1986, antecedent to the IRS judgment filed on February 7, 1986. The Fund in the Trustee's possession arises from payments the Debtor made to the Chapter 13 Trustee from postpetition earnings following commencement of his bankruptcy case in December, 1986. The Fund did not exist when the judgments were filed and therefore is comprised of property acquired after Labor and Industry and IRS recorded their judgments.

■ Both the lien of Labor and Industry and the lien of IRS attach to after-acquired property. *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945) (the United States' federal tax lien applies to after-acquired property); 43

Pa.Cons.Stat.Ann. § 788.1 (1991) (All contributions ... shall be a lien upon the franchises and property, both real and personal, including after-acquired property ...).

■ As stated by the Supreme Court in *United States v. Equitable Life Assurance Society:*

> As against a record federal tax lien, the relative priority of a state lien is determined by the rule "first in time is the first in right," which in turn hinges upon whether, on the date the federal lien was recorded, the state lien was "specific and perfected." A state lien is specific and perfected when "there is nothing more to be done ...—when the identity of lienor, the property subject to the lien, and the amount of the lien are established." ["]Thus, the priority of [the nonfederal lien] ... must depend on the time it attached to the property in question and became choate."

384 U.S. 323, 327–28, 86 S.Ct. 1561, 1564, 16 L.Ed.2d 593 (1966) *quoting United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

■ Labor and Industry's lien was filed prior to the IRS claim and has chronological priority. However, a state lien that competes with a federal tax lien is deemed "to be in existence for 'first in time' purposes only when it has been 'perfected' in the sense that 'the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" *United States v. McDermott,* — U.S. —, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993) *quoting United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

■ Labor and Industry's lien cannot actually attach to the Debtor's property until the Debtor acquires rights in that property. *McDermott,* — U.S. at — - —, 113 S.Ct. at 1529–30. Since the Debtor's rights, if any, in the Fund were acquired after filing of the IRS lien, Labor and Industry's lien is not first in time.

Under Internal Revenue Code § 6323(a), 26 U.S.C. § 6323(a), "the filing of notice renders the federal tax lien extant for 'first in time' priority purposes regardless of whether it has yet attached to identifiable property." *McDermott,* — U.S. at —, 113 S.Ct. at 1530.

Thus, the IRS has priority over Labor and Industry's lien and IRS is secured by the Fund. An appropriate Order will be entered.

## ORDER

This 17 day of June, 1993, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that Claim No. 11 of the Internal Revenue Service is secured by the funds being held by the Trustee, net of administrative costs and that the liens or security interests of the other respondents do not extend to such funds.

It is FURTHER ORDERED that the claims of the respondents other than the Internal Revenue Service are deemed to be unsecured for purposes of distribution.