NOVA UNIVERSITY OF ADVANCED TECHNOLOGY, INC., a Florida corporation, Plaintiff,

v.

The MOTOR VESSEL GYPSY et al., Defendant.

BROWARD MARINE, INC., a Florida corp., Plaintiff,

v.

O/S GYPSY, Official Number 227588, her engines, etc., Defendant.

Civ. Nos. 71–47, 71–77.

United States District Court, S. D. Florida, Miami Division.

Sept. 14, 1971.

Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for plaintiff Nova.

Eidelstein & O'Neil, Miami Beach, Fla., for plaintiff Broward Marine.

Brigham & Brigham, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DETERMINING PRIORITIES

ATKINS, District Judge.

This case presents consolidated *in rem* admiralty proceedings against the Motor Vessel Gypsy. Pursuant to Order of this Court entered August 2, 1971, the ship was sold to the highest bidder at a public auction. That sale having been confirmed, the Court must now determine the priorities of the claims of the libelants.

As is so often the case, the available funds will not accommodate every claim. Consequently, issue has been joined on a narrow point which is dispositive of this case.

Nova University is the holder of what has been determined to be a preferred ship mortgage under 46 U.S.C. § 922. This mortgage was signed October 2, 1970 and recorded October 7, 1970. The other claimant, Broward Marine, Inc., holds a maritime lien for labor and materials expended on the Gypsy, ordered between October 7, 1970 and December, 1970. The mortgage note provides that "should it become necessary to collect this note through an attorney, either of us, whether maker, surety, or endorser of this note, hereby agree to pay all costs of such collection, including reasonable attorney's fee." Included in the ship mortgage for which Nova University claims priority is the sum of $950.00 for attorney's fees. Broward Marine, while conceding the priority of the mortgage in the amount of $6,000.00, argues that its maritime lien for necessaries is superior to any claim for attorney's fees.

Crucial to Broward Marine's assertion is the choate lien theory. Since the Court did not award attorney's fees until its order of August 2, 1971 granting summary judgment, Broward argues that Nova had only an inchoate, and therefore inferior, lien until that date. It relies upon United States of America v. First Federal Savings and Loan Assoc. of St. Petersburg, 155 So.2d 192 (Fla.App.1963), which held that a mortgagee's claim for attorney's fees was unperfected until the amount of the lien was determined. The district court of appeals therefore accorded priority to federal tax liens which were filed before the liens for attorney's fees became choate.

The prognosis for the choate lien test is guarded following the decision in Connecticut Mutual Life Insurance Co. v. Carter, 446 F.2d 136 (5th Cir., 1971), which held that a first mortgage lien for attorneys' fees was superior to an FHA second mortgage which had attached before the lien for attorneys' fees became choate, where the FHA "voluntarily took a second mortgage fully aware of the then existent attorneys' fees clause in the first mortgage." Connecticut Mutual Life Insurance Co. v. Carter, *supra*, at 139. This case supports Nova University's contention that the claim for fees should have the same priority as the mortgage itself, and I so conclude.

I therefore find that the priorities to the fund now in the Registry of this Court are as follows:

First, the preferred ship mortgage of Nova University in the amount of $7,276.53;

Second, the maritime lien of Broward Marine in the amount of $14,246.57. Accordingly, disbursement will be made in those amounts to the parties named, to the extent the funds in the Registry of the Court permit.