**Melvin CALDWELL, Jr., Plaintiff,**

v.

**Jay E. LOEB, Trustee in Bankruptcy for New Builders Inc., United States of America, Department of Treasury–Internal Revenue Service, DeKalb County, Department of Revenue, and Johnnie R. Childs, Defendants.**

**Civ. A. No. 1:88–cv–598–HTW.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 10, 1990.

Richard B. Herzog, Jr., Bisbee Rickertsen & Herzog, Atlanta, Ga., for plaintiff.

Amy Berne Kaminshine, Office of U.S. Atty., N.D. Ga., Atlanta, Ga., Ann Carroll Reid, Janice Rovner, phv-U.S. Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S., Dept. of the Treasury, Internal Revenue Service.

Albert Sidney Johnson, Jann Shevin, Office of DeKalb County Atty., Decatur, Ga., for DeKalb County Dept. of Revenue.

Steven Jeffrey Edwards, Office of Steven Jeffrey Edwards, Decatur, Ga., for Johnnie R. Childs.

ORDER OF COURT

HORACE T. WARD, District Judge.

This interpleader matter is pending before the court on cross-motions for summary judgment. The court's findings of fact

and conclusions of law follow pursuant to F.R.Civ.P. 56.

BACKGROUND

Plaintiff, Melvin Caldwell, Jr., holds excess proceeds in the amount of $9,935.38 from the foreclosure sale of improved real property belonging to New Builders, Inc. The United States claims a lien on the proceeds by virtue of certain federal tax liens in the amount of $39,102.60, plus interest. Other claimants to the funds are DeKalb County, the trustee in bankruptcy for New Builders, Inc., and Johnnie R. Childs.

Several parties have filed motions for summary judgment requesting the court to enter summary judgment in its favor.[1] Plaintiff seeks attorneys' fees in the amount of $1,184.50 from the interplead funds for bringing the action.

The parties do not dispute the following facts:

1) On or about July 15, 1978, William O. Miller and Leon Wallace Miller executed and delivered a certain Deed to Secure Debt to plaintiff, Melvin Caldwell, Jr. securing certain real property known as 4235 Eastside Drive, Decatur, DeKalb County, Georgia.

2) The real property was conveyed by William O. Miller and Leon Wallace Miller to New Builders, Inc.

3) In addition to the Caldwell Deed to Secure Debt, the Property was subject to a second priority Deed to Secure Debt held by C & S Family Credit Services, Inc.

4) New Builders, Inc., became indebted to the United States of America for unpaid federal taxes, interest and penalties in the amount of at least $39,102.60.

5) On March 9, 1987, a Notice of Federal Tax Lien was filed on said property with respect to the aforementioned federal tax liabilities.

6) New Builders, Inc., filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on June 2, 1987.

7) On July 21, 1987, the Bankruptcy Court entered an Order authorizing plaintiff to advertise and conduct a non-judicial sale of the real property if no sales contract was secured by November 1, 1987.

8) The plaintiff, Trustee could not sell the property by November 1, 1987.

9) C & S gave a timely and proper notice of the proposed sale to the IRS on November 3, 1987 as required by 26 U.S.C.A. § 7425.

10) The property was sold at public auction to Defendant Childs on December 1, 1987 subject to the senior Caldwell Security Interest.

11) Thereafter, Caldwell gave a timely and proper notice of the proposed sale of the property to the IRS on December 28, 1987 as required by 26 U.S.C.A. § 7425.

12) After advertisement, a foreclosure sale was conducted by plaintiff on the steps of the DeKalb County Courthouse on February 2, 1988.

13) The property was purchased by defendant Johnnie R. Childs for the sum of $48,000.00.

14) As a result of the sale, plaintiff holds excess proceeds in the amount of $9,935.28.

15) The United States did not opt to redeem the property as permitted by law.

Childs owned the subject property by virtue of having purchased the property at the first foreclosure sale. He also became the owner after the second foreclosure sale through his high bid to pay off the first mortgage held by plaintiff in this matter. He argues that he, as owner of the property at the time of the second foreclosure, has rights to the excess proceeds pursuant to O.C.G.A. § 44–14–190.

Consequently, only the United States and Johnnie Childs presently claim any rights to the interplead fund.

---

1. DeKalb County, Georgia has withdrawn its motion on the ground that its claim has been paid in full. Jay Loeb, the trustee, has withdrawn its answer to the interpleader action.

Childs is correct insofar as O.C.G.A. § 44–14–190 grants surplus proceeds arising from the foreclosure sale of mortgaged property to the mortgagor or his agent. However, O.C.G.A. § 44–14–190 grants such rights only "after paying off the mortgage and other liens ..."

The United States contends that defendant Childs is not entitled to distribution of the interplead funds because he has neither shown an ownership interest in the funds nor that the funds were discharged from the lien.

When a taxpayer, who is liable to pay any tax, neglects or refuses to pay the tax after demand, the amount becomes a "lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C.A. § 6321 (1989). Thus, the United States retained a lien upon any proceeds arising from the value of the property which would have rightly gone to New Builders, Inc.

■ State law controls in determining what interest the taxpayer has in the property. Federal law determines whether a lien attaches to the property and the priority of competing liens. *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *Southern Bank of Lauderdale County v. I.R.S.*, 770 F.2d 1001 (11th Cir.1985).

■ In this case, the rights of the junior lienors to the property, including the tax liens claimed by the IRS, were extinguished due to the foreclosure of the Junior Security deed held by C & S. The Internal Revenue Code § 7425(b)(2) provides that a non-judicial foreclosure sale shall have the same effect with respect to the discharge of a tax lien as provided under local law. Under Georgia law, the foreclosure of the C & S junior security deed extinguished all junior encumbrances upon the property, including the IRS tax lien. *See*, O.C.G.A. § 44–14–530; *Murray v. Chulak*, 250 Ga. 765, 300 S.E.2d 493 (1983).

■ However, the extinguishment of the lien on the property did not extinguish the rights of the United States to the proceeds of the second foreclosure sale. As mentioned above, Georgia law gives rights to surplus proceeds only after the rights of mortgagee and lienors are satisfied. In addition, Title 26 § 7425(a) (1989) states in pertinent part:

If a judicial sale of property pursuant to a judgment in any civil action or suit to which the United States is not a party discharges a lien of the United States arising under the provisions of this title, *the United States may claim, with the same priority as its lien had against the property sold, the proceeds (exclusive of costs) of such sale* at any time before the distribution of such proceeds is ordered.

(emphasis added). Thus, pursuant to this statute, the United States has a claim on the proceeds of the second foreclosure sale.

It has long been held that a federal tax lien attaches to after-acquired property. *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). In particular, the proceeds of a foreclosure sale have been recognized as a property interest against which a federal tax lien will attach. *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

The federal tax liens, which were discharged from the real property purchased by Childs, attached to the proceeds of sale. The proceeds from the sale were not discharged from the federal tax liens. Childs has failed to show otherwise.

Consequently, the motion of the United States for summary judgment is GRANTED. The court orders judgment for the United States and against the other defendants for the entire amount of the interplead fund.

■ The United States has persuasively argued that plaintiff is not entitled to attorney's fees in cases such as this. Plaintiff has not responded to the arguments; relying instead on his support of defendant Childs' summary judgment position. The

court has reviewed the law presented by the United States and finds it a correct statement. Thus, plaintiff's request for attorney's fees is DENIED.

In sum, the motion of the United States for summary judgment is GRANTED. Plaintiff is ORDERED to pay the proceeds of the foreclosure sale, plus any accrued interest, into the court registry. The court orders judgment for the United States and against the other defendants for the entire amount of the interplead fund. The clerk is DIRECTED to issue a check for the full amount of the interplead fund to the United States of America, Department of the Treasury, Internal Revenue Service. Plaintiff's request for attorney's fees is DENIED. It appears to the court that no other matters are to be resolved in this case, it is further ORDERED that this action be DISMISSED.

SO ORDERED.