# UNITED STATES OF AMERICA

## V.

# WILLIAM E. CAMERON, JR., ET AL.

Record No. 931198

September 16, 1994

Present: All the Justices

*Regina S. Moriarty (Loretta C. Argrett, Assistant Attorney General; Gary R. Allen; William S. Estabrook*, on briefs), for appellant.
*J. Thomas Province* for appellee T. C. Lea, Jr.
No brief or argument for William E. Cameron, Jr.

JUSTICE STEPHENSON delivered the opinion of the Court.

The issue in this appeal is whether a taxpayer's assignment of a portion of his legacy from his mother's estate has priority over the federal government's previously filed tax liens.

Carolyn K. Cameron died testate in September 1990. Her will authorized, directed, and commanded the executor to sell certain real estate, to sell all personal belongings, and to divide equally the proceeds, after all just debts were paid, between the testator's two children, William E. Cameron, Jr. (the Taxpayer), and Melissa Cameron.

John R. Kenney, Sr., executor, sold the property as required by the will and, thereafter, held the Taxpayer's portion of the proceeds, $30,999.33. Claims against the Taxpayer, however, exceeded that amount; therefore, on May 18, 1992, the executor filed a bill of interpleader and paid into court the Taxpayer's portion of the proceeds.

This appeal involves a contest between two of the claimants, the United States of America and T.C. Lea, Jr. The federal government's claim was based upon an assessment by the Internal Revenue Service of unpaid income taxes for the years 1982 through 1985. The taxes had been assessed in April and May of 1987, and notices of lien had been recorded on December 16, 1987. A notice of levy, in the total amount of $43,147.36, was served on the executor on March 11, 1992.

T.C. Lea, Jr., an attorney, claimed $11,250 for previously rendered legal services, which was evidenced by an "Assignment of Legacy." On September 5, 1991, the assignment was executed by the Taxpayer, recorded, and served on the executor.

The trial court ruled in favor of Lea. The court concluded that the will required the executor to sell the testator's real property and constituted a power of sale coupled with an interest in land. Therefore, title to the property immediately vested in the executor and not in the Taxpayer and his sister. Thus, the court held, the tax liens never attached to the Taxpayer's interest in the real estate, and the assignment to Lea took priority over the liens.

The government contends that the Taxpayer's interest in the estate was property, or a right to property, to which its liens attached at the time the taxes were assessed. Therefore, the government asserts, its liens have priority over Lea's assignment.

Lea contends, on the other hand, that, because the executor received a power of sale coupled with an interest in land, title to the land immediately vested in the executor, not in the Taxpayer, upon the testator's death. Thus, the Taxpayer never acquired title to the property, the government's liens never attached, and Lea took the assignment free and clear of the liens. We do not agree.

Sections 6321 and 6322 of the Internal Revenue Code govern when and to what property a federal tax lien attaches. Section 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such per-

son." 26 U.S.C.A. § 6321 (1986). The scope of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States* v. *National Bank of Commerce*, 472 U.S. 713, 719-20 (1985). Pursuant to § 6322, such lien arises automatically at the time of the assessment and attaches to all property or property rights that the taxpayer then possesses or subsequently acquires. 26 U.S.C.A. § 6322 (1986); *Glass City Bank* v. *United States*, 326 U.S. 265, 267 (1945). Therefore, any disposition of the property to which the lien has attached has no effect upon the lien's validity. *Phelps* v. *United States*, 421 U.S. 330, 334-35 (1975); *United States* v. *Bess*, 357 U.S. 51, 57 (1958).

■ Although state law governs the nature of the interest the taxpayer has in the property, "[t]he question whether a state-law right constitutes 'property' or 'rights to property' [under § 6321] is a matter of federal law." *National Bank of Commerce*, 472 U.S. at 722, 727. Once a tax lien attaches to a state-created property interest, federal law determines the tax consequences. *Id.* at 722-23.

■ The first question presented in this appeal is whether the Taxpayer's interest in his mother's estate constitutes "property" or "rights to property." Clearly, it does.

While the executor may have acquired the *legal title* to the property, the Taxpayer acquired an equitable or beneficial interest in the property, an interest that could be reached by his creditors. *See Sheridan* v. *Krause*, 161 Va. 873, 892, 172 S.E. 508, 514 (1934).

The second question concerns the relative priority of the government's tax liens, which is exclusively a matter of federal law. *United States* v. *Equitable Life Assurance Soc'y*, 384 U.S. 323, 330 (1966). Generally, the relative priority to be given competing liens is determined according to the rule that "the first in time is the first in right." *United States* v. *City of New Britain*, 347 U.S. 81, 85-86 (1954).

■ In the present case, the Internal Revenue Service assessed the Taxpayer's liabilities and filed notice of its liens in 1987. Lea received an assignment from the Taxpayer in September 1991. Thus, the tax liens are first in time and first in right.

■ Lea contends, nonetheless, that his assignment is entitled to priority because his levy was the first served on the executor. We do not agree. In the federal tax scheme, the levy is simply a means

of collection and is not determinative of the relative priority of competing claims. *National Bank of Commerce*, 472 U.S. at 728-29.

■ Lea further contends that, even if the Taxpayer acquired a property interest under his mother's will, such interest was in personal property (the proceeds of sale), and Virginia law requires a lienor of personal property to levy on such property by writ of execution or by garnishment. Lea asserts that, because the Internal Revenue Service failed to resort to such procedures, his assignment has priority. We also reject this contention. As previously noted, federal law determines the priority of competing liens asserted against a taxpayer's property or rights to property, and, under federal law, a lien is perfected and enforceable against all of a taxpayer's property at the time the tax is assessed. 26 U.S.C.A. § 6322; *Glass City Bank*, 326 U.S. at 267.

Finally, Lea contends that the Internal Revenue Service is precluded from having its claim satisfied because it failed to issue its notice of levy on the executor before the order of distribution, as required by Code § 64.1-179. Code § 64.1-179 provides that "the creditors and all other persons interested in the estate of the decedent" shall present their claims to the executor prior to the order of distribution.

■ Code § 64.1-179 does not apply to the Internal Revenue Service in the present case because it was not a creditor of the decedent's estate. Instead, the Internal Revenue Service was a creditor of the Taxpayer, a legatee under the will.

Accordingly, we will reverse the trial court's judgment and enter final judgment in favor of the government.

*Reversed and final judgment.*