DURAND STATE BANK, Plaintiff-Appellee, v. WAYNE E. EARLYWINE *et al.*, Defendants (County of Winnebago Highway Department, Appellant).

Second District   No. 2—96—0571

Opinion filed January 24, 1997.

Paul A. Logli, State's Attorney, of Rockford (Charles J. Prorok, Assistant State's Attorney, of counsel), for appellant.

Thomas D. Luchetti and Debra A. Delia, both of Thomas D. Luchetti, P.C., of Rockford, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Durand State Bank, filed a complaint against defendants, Wayne Earlywine and Linda Earlywine, seeking to recover the outstanding balance on promissory notes defendants had signed. Plaintiff obtained a judgment for $9,363.39. Plaintiff filed a memorandum of judgment with the Winnebago County recorder on August 25, 1995. Plaintiff issued a wage deduction summons on November 9, 1995, and the summons was served on Wayne's employer, the Winnebago County Highway Department, on November 13, 1995. On February 14, 1996, the employer filed its answer to the wage deduction interrogatories, indicating that no amounts were withheld during the 12-week period because all wages were subject to a federal tax levy. Plaintiff filed a contest to the employer's answers to the wage deduction interrogatories (735 ILCS 5/12—811 (West Supp. 1995)), alleging that the federal tax lien was invalid as to plaintiff. The court ruled in favor of plaintiff and ordered the employer to turn over $1,108.65 to plaintiff. The employer filed a motion to reconsider, which the court denied. The employer appeals, arguing that it was required to honor the federal tax levy. We affirm.

■ The employer asserts that it was required to honor the federal tax levy because the Internal Revenue Service (IRS) served it with a notice of levy on wages, salary, and other income on April 4, 1995. The employer relies on section 6332(a) of the Internal Revenue Code (the Code) (26 U.S.C.A. § 6332(a) (West Supp. 1996)), which provides:

"Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

The employer argues that at the time the IRS served its notice of levy the plaintiff had not obtained a judgment against defendants and therefore the IRS lien had priority.

■ Plaintiff responds that the IRS lien was invalid as to it because of section 6323(a) of the Code (26 U.S.C.A. § 6323(a) (West Supp. 1996)), which provides:

"The lien imposed by section 6321 shall not be valid as against

any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." The parties agree that the IRS has not filed its notice of lien.

Nevertheless, the employer ignores the plain language of section 6323(a) and persists in maintaining a "first in time, first in right" argument. The employer also ignores the Supreme Court's decision *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 88, 10 L. Ed. 2d 770, 774, 83 S. Ct. 1651, 1654-55 (1963), in which the court explained that, although the tax lien arises when the tax is assessed, it is not valid against judgment creditors until it is placed of public record.

■ Where there are competing claims to a delinquent taxpayer's property by a federal tax lien and a state-law lien, priority is determined by federal law. *Aquilino v. United States*, 363 U.S. 509, 513-14, 4 L. Ed. 2d 1365, 1368-69, 80 S. Ct. 1277, 1280 (1960). The general rule of priority under federal law is " ' "the first in time is the first in right." ' " *United States v. McDermott*, 507 U.S. 447, 449, 123 L. Ed. 2d 128, 133, 113 S. Ct. 1526, 1528 (1993), quoting *United States v. City of New Britain*, 347 U.S. 81, 85, 98 L. Ed. 520, 525, 74 S. Ct. 367, 370 (1954). However, because of section 6323(a), to be "first in right" over a judgment lien creditor, the notice of the federal tax lien must be filed "first in time." *Smith Barney, Harris Upham & Co. v. Connolly*, 887 F. Supp. 337, 342 (D. Mass 1994). Unless the government files a notice of lien with the local recording office, the interests of judgment lien creditors are superior to those of the government. *Griswold v. United States*, 59 F.3d 1571, 1575 (11th Cir. 1995). A creditor achieving the status of judgment lien creditor before the government files its notice of lien is entitled to priority over the United States even if the government's assessment was made before the judgment. *United States v. Jenison*, 484 F. Supp. 747, 755 (D.R.I. 1980). Service of a notice of levy is not equivalent to filing a notice of lien. *Southern Rock, Inc. v. B&B Auto Supply*, 711 F.2d 683, 688 (5th Cir. 1983); *Jenison*, 484 F. Supp. at 756.

There is no dispute that the IRS did not file its notice of lien. Therefore, the lien is invalid as to plaintiff, who is a judgment lien creditor of defendants. The employer did not cite any cases supporting its position. Rather, the employer argued irrelevant cases and ignored the clear weight of authority supporting the trial court's decision. Under federal law, the plaintiff had priority over the United States' unrecorded lien, and thus the trial court did not err in granting plaintiff's contest to the employer's answer to the wage deduction interrogatories.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER, P.J., and BOWMAN, J., concur.